(No. 26380.—)

B. S. PEARSALL BUTTER COMPANY, Appellant, *vs.* THE CITY OF ELGIN *et al.* Appellees.

*Opinion filed November 24, 1941.*

R. L. KEMLER, for appellant.

PERRY D. WELLS, Corporation Counsel, and GEORGE D. CARBARY, (ALMORE H. TESCHKE, of counsel,) for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is a direct appeal brought by appellant to review a judgment of the circuit court of Kane county. The suit was brought by appellant against appellees. The complaint, in so far as it is necessary to be here considered, alleged, in substance, that appellant was the owner of certain real

estate in the city of Elgin. That appellees contemplated making certain improvements in public streets and including the extension of one street through the property of appellant. It was further alleged that the proposed improvements and extension of the street would result in damages to appellant's property. The character of the damages anticipated and alleged was set out in detail and may be stated as follows: (1) That appellant now uses, for its own private purposes, a portion of one of the public streets proposed to be improved; that if the improvement is completed, that portion of the street, now used by appellant, will be used by the public and appellant will thereby be deprived of the use of said portion of said street, for private purposes; (2) that the proposed improvement will necessitate the shortening of a railroad side-track extending along one side of appellant's property, resulting in inconvenience and damage to appellant; (3) that the improvement will necessitate the razing of a warehouse and thereby expose a part of the outer wall of another building, owned by appellant, constructed of common brick, so that a portion of such outer wall will be different in appearance from the balance of said outer wall, which is constructed of face brick, and that this will result in making that particular building unsightly in appearance; (4) that the plans contemplate some change in the grade of the streets, which will impair and obstruct ingress and egress to and from appellant's building. The prayer of the complaint is that a writ of *mandamus* issue against appellees directing them to settle and pay to appellant the damages which will result to its building and property by these improvements within a reasonable time; that upon their failure to pay such damages, the writ direct appellees to proceed under the Eminent Domain act to determine the rights of the parties, and to pay any damages that will result from the construction of the proposed improvement, prior to the accrual of such damages. The trial court sustained a motion to dis-

miss the complaint. Judgment was entered dismissing the complaint and cause of action.

A reference to the complaint shows that there is no question involved in this case which would give this court jurisdiction on direct appeal. No constitutional question or other question is involved which would authorize a direct appeal to this court. The only purpose of the suit is to compel appellees, by *mandamus,* to either pay the damages which it is anticipated will accrue to appellant by the construction of the proposed improvement, no part of which has yet been constructed, or, in the alternative, to compel appellees to institute proceedings under the Eminent Domain act to determine the rights of the parties and the damages which will accrue to appellant if and when the improvement is constructed. Nothing is suggested in the brief of appellant upon which the jurisdiction of this court could be sustained. It is not a suit under the Eminent Domain act. If it be said that appellant has a constitutional right to compel appellees to do what he asks to have them compelled to do, by the complaint, any constitutional question as to the existence of such right has already been settled by the decisions of this court. *People* v. *Kingery,* 369 Ill. 289; *People* v. *Smith,* 374 id. 286; *Grunewald* v. *City of Chicago,* 371 id. 528.

No constitutional questions, however, are raised in this case and none were passed upon in the trial court. It is simply a suit for *mandamus* involving no question which would give this court jurisdiction of a direct appeal from the judgment of the circuit court.

It appearing from the record that this court has no jurisdiction, it is ordered that the cause be, and the same is, transferred to the Appellate Court for the Second District.

*Cause transferred.*