## B. S. Pearsall Butter Company, Appellant, v. City of Elgin et al., Appellees.

## Gen. No. 9,761.

Heard in this court at the September term, 1941. Opinion filed April 8, 1942.

R. L. KEMLER, of Elgin, for appellant.

PERRY D. WELLS, Corporation Counsel, and GEO. D. CARBARY, of Elgin, for appellee City of Elgin; ALMORE H. TESCHKE, of Elgin, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

This case was taken on appeal, by the appellant, B. S. Pearsall Butter Company, to the Supreme Court to review a judgment of the circuit court of Kane county. The case was transferred by the Supreme Court to this court, since there were no facts alleged in the complaint which would give the Supreme Court jurisdiction of the case on direct appeal (*Pearsall Butter Co. v. City of Elgin,* 378 Ill. 382.) The Supreme Court's statement of the facts alleged in the complaint is as follows: "The complaint, in so far as it is necessary to be here considered, alleged, in substance, that

appellant was the owner of certain real estate in the city of Elgin. That appellees contemplated making certain improvements in public streets and including the extension of one street through the property of appellant. It was further alleged that the proposed improvements and extension of the street would result in damages to appellant's property. The character of the damages anticipated and alleged were set out in detail and may be stated as follows: (1) That appellant now uses, for its own private purposes, a portion of one of the public streets proposed to be improved; that if the improvement is completed, that portion of the street, now used by appellant, will be used by the public and appellant will thereby be deprived of the use of said portion, of said street, for private purposes; (2) that the proposed improvement will necessitate the shortening of a railroad side-track extending along one side of appellant's property, resulting in inconvenience and damage to appellant; (3) that the improvement will necessitate the razing of a warehouse and thereby expose a part of the outer wall of another building, owned by appellant, constructed of common brick, so that a portion of such outer wall will be different in appearance from the balance of said outer wall, which is constructed of face brick, and that this will result in making that particular building unsightly in appearance; (4) that the plans contemplate some change in the grade of the streets, which will impair and obstruct ingress and egress to and from appellant's building. The prayer of the complaint is that a writ of mandamus issue against appellees directing them to settle and pay to appellant the damages which will result to its building and property by these improvements within a reasonable time; that upon their failure to pay such damages, the writ direct appellees to proceed under the Eminent Domain act to determine the rights of the parties, and to pay any damages that will result from the construction of the

proposed improvement, prior to the accrual of such damages.''

The defendants entered a motion to dismiss the complaint because they claimed it did not state a cause of action. The trial court sustained the motion to dismiss the suit, and entered an order accordingly. It is from this judgment that the appeal is now before this court.

It is also stated in the opinion of the court that: ''The only purpose of the suit is to compel appellees, by mandamus, to either pay the damages which it is anticipated will accrue to appellant by the construction of the proposed improvement, no part of which has yet been constructed, or, in the alternative, to compel appellees to institute proceedings under the Eminent Domain act to determine the rights of the parties and the damages which will accrue to appellant if and when the improvement is constructed. Nothing is suggested in the brief of appellant upon which the jurisdiction of this court could be sustained. It is not a suit under the Eminent Domain act. If it be said that appellant has a constitutional right to compel appellees to do what he asks to have them compelled to do, by the complaint, any constitutional question as to the existence of such right has already been settled by the decisions of this court. *People v. Kingery,* 369 Ill. 289; *People v. Smith,* 374 id. 286; *Grunewald v. City of Chicago,* 371 id. 528.''

Attached to appellant's petition for the writ of mandamus is a plat showing the location of their factory building and the surrounding streets and buildings. The petitioner's building is practically a hundred feet square, bounded on the east by the railroad tracks of the Milwaukee Railway Company. On the south is a cold storage warehouse 61 by 66 feet, also on the south for a distance of 44 feet, is State street, and on the west it is bounded by State street. South of the southwest corner of appellant's lot and west of the cold storage warehouse, is a space which has been used for consider-

able time by the appellant as a loading and unloading station for trucks bringing supplies and taking away products of appellant company, which is designated as the "area." The owner of the cold storage warehouse is not disclosed by the record in this case. The street in question, which is to be opened, will run on the south side of appellant's building, and will connect with the bridge over the Fox River, which is planned to be erected by the City of Elgin. The cold storage warehouse will have to be removed. It is alleged by the appellant that opening up the place called the "area," will deprive them of a valuable right, namely, their place to park their trucks and other vehicles, and also their loading and unloading platforms, and will take away their entire parking space, and that the traffic in the street will be so heavy that they cannot use any part of the "area," as they have been accustomed to doing. The city certainly has the right to take property necessary to create the proper approaches to the bridge in question. The area that the appellant has been using in connection with their plant, is now a public street. Simply because there would be more traffic on it, and because the plaintiff could not use it as before, certainly would not obligate the city for paying the appellant for opening the street, for the accommodation of the traffic over the contemplated new bridge.

On the east of the appellant's building are the switch tracks of the Milwaukee Railroad. As they now exist, they extend south the full length of the cold storage warehouse, a distance of a little over 66 feet. In opening the street, it will be necessary to remove that portion of the railroad track which lies east of the cold storage plant. The appellants claim that they will be seriously injured and damaged by the removal of these tracks, since they have been in the habit of loading and unloading freight cars at their plant, and could then move the cars without the aid of an engine, and shunt them down onto this track east of the cold storage

warehouse. The petition does not state whether the appellant has a contract with the railroad company to maintain the track, or whether the railroad company is willing to keep the track by the warehouse, or if there is any obligation on the part of the railroad company to maintain the track in its present condition. Under this part of the petition we think the petitioner has failed to state a cause of action.

It is insisted by the petitioner that the cold storage warehouse immediately to the south of their plant and adjacent thereto, was built subsequent to their plant, and that the exterior of the south wall is joined to the warehouse, and is built of common brick; that it is four stories high; that it is made of different brick from the rest of the building; that on account of the east wall of the building being protected by the warehouse, it is dirty, since it has not been exposed to the elements as the other parts of the wall, and is of different shade and texture from the rest of the building; that after the warehouse is removed, this wall will be exposed to view, and because of the difference in color, will be unsightly and for this reason the plaintiff will suffer damages.

Whether the warehouse was owned and built by the petitioner or some one else, is not disclosed in the record. Simply by tearing down the warehouse and leaving the original walls undamaged, although dirty, and of a different color from the rest of the building, the damage, if any, which the appellant will sustain in the depreciation of the value of their building, seems to be purely speculative, and not of that character which would entitle the appellant to a writ of mandamus.

It is also insisted that the sidewalk along the south side of the petitioner's property is now at the proper and most convenient level above the roadway for the loading and unloading of trucks; that in the extension of Highland avenue, the street which will connect with the new bridge, the City of Elgin proposes to change

the grade of the street so that such loading and unloading will be more difficult; that it will require longer time and be more expensive. This is not a statement of facts, but is the conclusion of the pleader in regard to the sidewalk, and what the grades are now, or what the city proposes to do, so we see no merit in their contention. Before the petitioner would have a right to the writ of mandamus, he must show by clear and convincing proof, or in a case of this kind, by clear and positive averments, that his rights are being invaded, and that he is entitled to be compensated therefor. This, we think the petitioner has failed to do, and the court properly sustained the motion to strike its petition.

The judgment of the trial court will be affirmed.

*Affirmed.*