(No. 24106.—

ALFRED W. SCHWING, Trustee, *et al.* Appellees, *vs.* ANNA MILES *et al.* Appellants.

*Opinion filed December 15, 1937.*

OTTO KERNER, Attorney General, and HUGH W. CROSS, (TRUMAN A. SNELL, of counsel,) for appellants.

RICHARD H. RADLEY, JR., for appellees.

Per CURIAM : F. Lynden Smith, Director of the Department of Public Works and Buildings, and Clarence Wilson, prosecute this appeal from a decree of foreclosure and sale entered by the circuit court of Jersey county. They make the contention, among others, that the suit was, in effect, against the State of Illinois. To determine this issue a review of the pertinent facts and pleadings becomes necessary.

In 1924, Alfred W. Schwing, one of appellees, sold 120 acres of land in Jersey county to Anna Miles and Charles

Miles, her husband. On February 28, 1924, the purchasers, in part payment, executed their note for $1500, due two years after date, with interest at seven per cent, and secured its payment by a trust deed in the nature of a mortgage upon the property. The trust deed was recorded in Jersey county on March 3, 1924. Default soon occurred in the payment of both principal and interest. Several years later, judgment was rendered against the mortgaged property for delinquent general taxes for 1927, and, in 1928, the property was sold to one Richards who, in turn, transferred his certificates of purchase to Clarence Wilson. On July 21, 1930, the county clerk issued a tax deed to him. Upon delivery of this deed Wilson went into possession of the premises. Thereafter, he filed a bill in the circuit court of Jersey county against William Wallace, and others, to quiet title to the real estate described in the trust deed. Subsequent grantees of Anna and Charles Miles, all lien holders, including Schwing, and parties designated as unknown, were made defendants. Schwing was not, however, served with summons or with a copy of the bill of complaint, nor did he receive the notice, required by statute, to be sent him by mail. Wilson, by affidavit, alleged Schwing's whereabouts were unknown and sought to obtain constructive service upon him by publication in a newspaper in Jersey county. The latter was not otherwise brought into court prior to the entry of the decree in the suit to quiet title. That decree, entered on November 26, 1932, found, among other things, Wilson to be the owner of the property in fee simple by virtue of his tax deed, and, since the issuance and delivery of the deed, in actual possession of the premises, and, further, that no person had a lien on the property on account of any mortgages or trust deed. No written notice was ever served upon Schwing of this decree. Within one year from its rendition, namely, October 10, 1933, Schwing filed a petition in the circuit court, conformably to statute, praying that the decree be opened up as to him, that he be

allowed to defend, and that the decree be amended to provide that the trust deed constituted a first lien on the property. Prior to the hearing upon his petition, Schwing served notice of the hearing upon all necessary parties. Wilson appeared by counsel at the hearing on Schwing's petition. On May 10, 1935, the decree of November 26, 1932, was modified by a finding that Anna and Charles Miles executed and delivered to Schwing their note and trust deed, that the trust deed was acknowledged and filed for record in Jersey county and that it had never been released or cancelled of record. The modifying decree then recited that none of the findings or orders in the original decree in *Wilson* v. *Wallace et al.* should in any way bind Schwing, or deprive him of any rights he might have had or which he then had either in the property or under the note and trust deed held and owned by him. It was accordingly ordered that the first decree be so amended that it should not, in any manner, affect the rights of Schwing in the premises or his rights under the trust deed or note, and, particularly, his right to foreclose, to sue upon the note, or to bring ejectment. The modified decree thereupon dismissed Wilson's bill to quiet title for the want of equity as to Schwing. No appeal was prosecuted from that decree. After the entry of the original decree of November 26, 1932, but before Schwing filed his petition seeking to open it up, Wilson, on December 29, 1932, conveyed the premises by warranty deed to the State of Illinois for park purposes. The land is now situated within and is a part of Marquette State Park. The deed from Wilson to the State did not mention the encumbrance against the property.

On September 11, 1935, Schwing initiated this litigation. Anna Miles, Charles Miles, Wilson and the Director of the Department of Public Works and Buildings of the State of Illinois were made parties defendant. The complaint alleged that the two last named had or claimed some interest in the premises, accrued since and subject to the lien

of the trust deed. In particular, Schwing charged that, by statute, the Department of Public Works and Buildings of the State is given custody, control and possession of all State parks; that thereby possession of the premises conveyed to the State vested in the director of the department, and, further, that whatever rights or interest he and the State of Illinois acquired in the land were subject to the trust deed. The relief sought was that the mortgagors be directed to pay plaintiff the amount due him, with costs; that in default of such payment the premises be sold, and that in case of sale and failure to redeem, the defendants be barred of all equity or right of redemption. The decree found that $2955.14 was owing from defendants Anna Miles and Charles Miles to plaintiff, and ordered payment of this sum to the plaintiff, within ten days; that in default, the land be sold by the master; that if the sale price be insufficient to satisfy the decree, the defendants, their successors, and all claimants through or under them, be barred from all equity of redemption, and claim of, in and to the mortgaged premises, or any part thereof, if not redeemed, according to law, by the defendants, their grantees or successors within twelve months from the sale, or judgment creditors and their assigns within the statutory redemption period, and, if not redeemed, that thereafter, upon the filing with the then acting master in chancery of the certificate of purchase, he should execute and deliver to the purchaser a deed to the premises in fee simple, and, further, "that upon the execution and delivery of the conveyance or conveyances aforesaid, the said purchaser or purchasers, his or their representatives or assigns, be let into possession of the portion of said mortgaged premises so conveyed to him or them; and that any of the parties in this cause, and his or their successors, who may be in possession of said premises, or any part thereof, and any person who, since the commencement of this suit, has come into possession, under them or either of them, or who has

succeeded any of them including the said F. Lynden Smith, Director of the Department of Public Works and Buildings of the State of Illinois or his successor, on the production of the master's deed of conveyance, and a certified copy of the order of this court, confirming the report of said sale, shall surrender possession thereof to such purchaser or purchasers, their representatives or assigns." This decree was entered on February 5, 1937.

The defendants contend that although neither the State of Illinois nor the Department of Public Works and Buildings was actually made a party defendant the suit was, nevertheless, in effect, one against the State and, hence, can not be maintained. Section 26 of article 4 of our constitution declares that "the State of Illinois shall never be made defendant in any court of law or equity." The Department of Public Works and Buildings is a governmental agency of this State. (*Department of Public Works and Buildings* v. *Ryan,* 357 Ill. 150.) It is established that a suit against the department is a suit against the State, (*O'Meara* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* (*ante,* p. 82;) *Noorman* v. *Department of Public Works and Buildings,* 366 Ill. 216;) and will not lie. On the other hand, where the action at law or suit in equity is maintained against a State officer or the director of a department on the ground that, while claiming to act for the State, he violates or invades the personal and property rights of the plaintiff under an unconstitutional act, or under an assumption of authority which he does not have, such suit is not against the State. (*Noorman* v. *Department of Public Works and Buildings, supra; Fitts* v. *McGhee,* 172 U. S. 516; *United States* v. *Lee,* 106 id. 196; *White Eagle Oil and Refining Co.* v. *Gunderson,* 205 N. W. (S. Dak.) 614; 43 A. L. R. 397.) The presumption obtains that the State, or a department thereof, will not, and does not, violate the constitution and laws of the State, but that such violation, if it occurs, is by a State officer or the head of a department

of the State, and such officer or head may be restrained by proper action instituted by a citizen. (*Tindal* v. *Wesley,* 167 U. S. 204; *Noorman* v. *Department of Public Works and Buildings, supra; Joos* v. *Illinois National Guard,* 257 Ill. 138.) While a suit against State officials, and, in particular, the Director of the Department of Public Works and Buildings, is not necessarily a suit against the State, the constitutional inhibition cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State itself, and it is the party vitally interested. (59 Corpus Juris, States, sec. 464; *In re Ayers,* 123 U. S. 443; *In re City of Mt. Vernon,* 147 Ill. 359; *People* v. *Dulaney,* 96 id. 503; *Wilson* v. *Louisiana Purchase Exposition Commission,* 133 Iowa, 586; *Hogston* v. *Bell,* 185 Ind. 536; *Pitcock* v. *State,* 121 S. W. (Ark.) 742.) A suit brought against an officer or agency with relation to some matter in which defendant represents the State in action and liability, and the State, while not a party to the record, is the real party against which relief is sought, so that a judgment or decree for plaintiff, although nominally against the named defendant as an individual distinct from the State, could operate to control the action of the State or subject it to liability, is, in effect, a suit against the State. (59 Corpus Juris, States, sec. 464; *Smith* v. *Reeves,* 178 U. S. 436; *Hampton* v. *State Board of Education,* 90 Fla. 88, 42 A. L. R. 1456.) In such cases where the rights of the State would be directly and adversely affected by the judgment or decree sought, the State is a necessary party defendant, and, if it cannot be made a party, the suit must be dismissed as to it. 59 Corpus Juris, States, sec. 485; *Christian* v. *Atlantic and North Carolina Railroad Co.* 133 U. S. 233; *Cunningham* v. *Macon and Brunswick Railroad Co.* 109 id. 446; *Sanders* v. *Saxton,* 75 N. E. (N. Y.) 529.

The Department of Public Works and Buildings is charged, by statute, with the care, control, supervision and

management of lands acquired by the State for park purposes. (Smith-Hurd Stat. 1935, p. 2376.) Possession is not placed either in it or the director. The present proceeding does not involve, therefore, a purported violation of the constitution or any statute of this State by the director but is a suit to obtain, through the interposition of a court of equity, the benefit of plaintiff's alleged rights under a trust deed. Since the State is in actual possession of the premises the court lacks power to deliver possession to the purchaser at the foreclosure sale. The relief sought and granted would take the property of the State and subject it to the payment of a debt due the plaintiff. In particular, if the makers of the trust deed fail to pay the sum of $2955.14, the State could retain the property only by redeeming from the sale. It is thus manifest that the principal interest adverse to plaintiff in this suit is the interest of the State of Illinois in the property, and the relief sought and obtained was in reality against the State although ostensibly against one of its officers. The decree of foreclosure and sale against the Director of the Department of Public Works and Buildings is, accordingly, an effort to coerce the State by judicial order.

A like situation obtained in *Federal Land Bank of Spokane* v. *Schermerhorn*, 64 Pac. (2d) (Ore.) 1337. A decree of foreclosure entered in that case adjudged that any liens which the State of Oregon and others had on the mortgaged property were inferior to the lien of plaintiff's mortgage. The State's interest in the mortgaged property arose from the fact that, in a criminal action, it recovered a judgment for $633.70 against the defendant G. L. Schermerhorn, one of the mortgagors. The Oregon Code of Civil Procedure provided that such a judgment should constitute a lien upon all the real property of the defendant. The State, specially appearing, as did the Director of the Department of Public Works and Buildings in this case, challenged the court's jurisdiction. The Supreme Court of

Oregon, in reversing the decree of foreclosure, held that the mortgagee could not name the State as a party defendant and force it to (1) contest or concede the interest of the plaintiff mortgagee in the mortgaged property; and (2) defend the interest which the State claimed in the property.

*Northwestern Mutual Life Insurance Co.* v. *Nordhues,* 261 N. W. (Neb.) 687, closely parallels the case at bar. The insurance company instituted a suit to foreclose a mortgage upon property which one of the defendants, the State of Nebraska, had purchased from the mortgagors more than two years subsequent to the execution of the mortgage. The State was using a part of this property for highway purposes. The trial court overruled the State's challenge to its jurisdiction and rendered judgment foreclosing the right, title, and interest of all the defendants, including the State, in the mortgaged premises. The State of Nebraska, as does the State of Illinois in this case, held a deed to the property. The complaint in the *Nordhues case* charged that whatever interest the State might have was subject, junior and inferior, to the lien of plaintiff's mortgage. Similarly, Schwing alleged in his complaint that whatever rights or interests the Department of Public Works and Buildings and the State of Illinois acquired in the land in this case were subject to the trust deed sought to be foreclosed. In reversing the judgment and dismissing the suit as to the State the Supreme Court of Nebraska said: "A suit to foreclose a mortgage involving real estate to which the State has legal title is one against the State which cannot be maintained without its consent. * * * We are impelled by the great weight of authority to hold that this is a suit against the State which cannot be maintained without legislative permission."

While it was error for the circuit court to enter a decree purporting to affect the interest of the State in the property involved here, still the decree is not entirely void.

Plaintiff in his complaint alleged that Clarence F. Wilson and the Director of the Department of Public Works and Buildings claimed an interest in the property by virtue of the tax deed and the proceedings to quiet title described above, and that the decree entered in those proceedings had been modified to provide that none of its findings should affect plaintiff's rights in the premises. No allegation was made in the complaint, however, that the former decree was an adjudication of the invalidity of the tax deed, yet this was necessary if plaintiff intended to deny its effectiveness. (*Evans* v. *Woodsworth*, 213 Ill. 404; *Consolidated Coal Co.* v. *Peers,* 166 id. 361.) Although plaintiff objected to the introduction into evidence of the deed, these objections were not ruled on by the master or by the court and so are deemed to have been waived. (*Mitchell* v. *Chicago, Burlington and Quincy Railway Co.* 265 Ill. 300.) Under these circumstances it must be assumed that plaintiff admits an adverse claim of title to exist. Where such is the case, a decree of foreclosure erroneously attempting to affect the rights of its holder is not void in its entirety. (*Gage* v. *Perry,* 93 Ill. 176; *Bozarth* v. *Landers,* 113 id. 181.) Such decree, so far as it binds the mortgagors, who are proper parties defendant to this suit, should be permitted to stand.

The decree of the circuit court of Jersey county is reversed and the cause is remanded to that court, with directions to sustain the motion of the Director of the Department of Public Works and Buildings to dismiss the suit as to him, and to enter a decree of foreclosure and sale of the mortgagor's interest in the premises.

*Reversed and remanded, with directions.*