(No. 24306.—

THE PEOPLE *ex rel.* The First National Bank of Blue Island, Admr., Appellee, *vs.* ROBERT KINGERY, Director of the Department of Public Works and Buildings, Appellant.

*Opinion filed June 15, 1938—Rehearing denied October 5, 1938.*

OTTO KERNER, Attorney General, (EARL B. DICKERSON, and JEROME F. DIXON, of counsel,) for appellant.

LAWLOR, WALSH & BERNSTEIN, (EDWIN D. LAWLOR, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Upon the petition of Kate Popp, the superior court of Cook county awarded a writ of *mandamus* against Robert Kingery, Director of the Department of Public Works and Buildings, commanding him to institute proceedings under the Eminent Domain act, or some other proceeding, for the purpose of ascertaining just compensation for damages to lands owned by the petitioner. The judgment of the superior court was reversed by the Appellate Court. We granted leave to appeal, but, on consideration of the case, found that the Appellate Court had reached its conclusion only upon constitutional grounds, which it had no jurisdiction to do, and we entered an order declaring the judgment of the Appellate Court void and transferred the cause from that court to this court on our own motion.

The defendant filed a motion in the superior court to dismiss the petition. This motion was denied and the defendant elected to stand by his motion and make no further answer. Therefore, all the material allegations contained in the petition are taken as confessed against the defendant.

Kate Popp was the owner of certain parcels of unimproved land at the northeast corner of the intersection of Riverdale road and State bond issue road No. 49, in Cook

county. In order to improve the State bond issue road, the said director, Robert Kingery, caused the road adjacent to relator's property to be depressed twenty feet below its level and also caused Riverdale road adjacent to her property to be raised fifteen feet above its level. The changes thus made have cut off and blocked the means of ingress and egress to her lands. Repeated demands were made by her upon the defendant to pay just compensation to her for damages, or to institute a proceeding under the Eminent Domain act to ascertain the amount of her damages, but he has refused to do either.

Section 13 of article 2 of the constitution of the State of Illinois provides that private property shall not be taken or damaged for public use without just compensation. The plaintiff's property has been seriously damaged for the public use and it is admitted that no compensation whatever has been paid her. This provision of the constitution is self-executing and cannot be annulled by non-action of a head of a department. (*People* v. *McRoberts*, 62 Ill. 38.) The defenses urged are that these proceedings are, in effect, a suit against the State and, therefore, cannot be maintained, and that even though the proceedings be deemed not a suit against the State, there is no obligation on the part of the Director of the Department of Public Works and Buildings to bring condemnation proceedings under the Eminent Domain act where the property has already been damaged for public use and none of it had been physically taken.

Our constitution, section 26 of article 4, declares that the State of Illinois shall never be made a defendant in any court of law or equity. It will be observed that the State, *eo nomine,* is not a party to the suit. Neither is the Department of Public Works and Buildings. The suit is against the director of that department. In *Noorman* v. *Department of Public Works,* 366 Ill. 216, we had before us a case where the question directly arose as to whether this department comes within the constitutional prohibition.

The plaintiff in that case alleged that his property was damaged by the construction of a viaduct adjacent to his premises. He filed a complaint to enjoin further construction unless the department agreed with him as to the amount of his damages or instituted proper proceedings for its determination. After reviewing many authorities bearing on the proposition, it was held that the department is such a part of the State as to bring it within the prohibition of the constitution. But it was urged that if the right to sue the department be denied, then the limitation of section 13 of article 2 against taking of private property without just compensation becomes meaningless. In answer to that contention, we pointed out that there is a presumption that the State, or a department thereof, will not, and does not, violate the constitution and laws of the State. Should such a violation occur, it is not the act of the State but is the act of a State officer or the head of a department of the State, and he may be restrained by proper action instituted by the citizen. It was said that "Where the suit at law or in equity is maintained against such officer on the ground that, while claiming to act for the State, he violates or invades the personal property rights of the plaintiff under an unconstitutional act, or under an assumption of authority which he does not have, such suit is not against the State."

It is obvious that if the above rule is not sound, then the plaintiff in this case is wholly without a remedy. Our bill of rights (section 19 of article 2) provides that "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay." All that the plaintiff in this case seeks is the right to have the judgment of her peers as to the amount of damages, if any, she has suffered. This right is guaranteed by section 13 of article 2 of the constitution of Illinois.

It is vigorously urged that the provisions of paragraph 281k of the second State Bond Issue act of 1923, (Ill. Rev. Stat. 1937, chap. 121, p. 2796,) and the Eminent Domain act, do not contemplate the ascertainment of damages which have already been inflicted, and, also, that damages resulting to an abutting proprietor, no part of whose land is physically taken, are likewise not within such contemplation. We cannot sustain these contentions. To do this would violate the letter and the spirit of the constitution. The right of a proprietor to damages because his property is taken or damaged for public use is absolute and it makes no difference whether the amount of the damages is ascertained before the injury is inflicted or after it. Giving the constitution and the statute any different construction would be to annul them.

In an additional brief filed by defendant, it is urged that the petition for *mandamus* is defective because it does not aver there was any money in the hands or under the control of the defendant, which was available for the payment of the consequential damages sought to be collected. This is the first time that matter has been presented to the court. When the cause was called for hearing in the superior court of Cook county, the defendant moved to dismiss the petition for *mandamus* upon two specific grounds; first, that the plaintiff has an adequate remedy at law, and, second, that the petition fails to state the facts, in establishing legal duty on the part of the defendant to bring an action such as is contemplated by the Eminent Domain act and the amendments thereto. Such an objection as the defendant now urges cannot be raised at this time. It comes too late. The defendant has abandoned the contention that the plaintiff has another remedy.

The record in this case shows a positive duty of the Director of Public Works and Buildings to institute proper proceedings under the Eminent Domain act for the ascertainment of plaintiff's damages.

F. Lynden Smith, Director of the Department of Public Works and Buildings of the State of Illinois, is hereby substituted as party defendant for Robert Kingery, who resigned as such director.

The judgment of the superior court is affirmed.

*Judgment affirmed.*