(No. 4300– )

Cornelius E. and Margaret E. Tenboer, Claimants, *vs.* State of Illinois, Respondent.

*Opinion filed November 26, 1952.*

Bull, Yost and Ludens, Attorneys for Claimants.

Ivan A. Elliott, Attorney General; William H. Sumpter, Assistant Attorney General, for Respondent.

Schuman, C. J.

Complaint was filed herein by claimants on May 5, 1950 to recover for damages to property and loss of business by virtue of a highway improvement in front of their property, and an amended complaint was filed on September 28, 1950, in which the claim for damages for loss of business was eliminated.

The claimants, Cornelius E. Tenboer and Margaret E. Tenboer, husband and wife, are the owners of premises in the town of Union Grove, about three miles west of the City of Morrison in Whiteside County, Illinois, which have been used for many years as a place of business and residence of the claimants. The property was purchased by claimants in the year 1941. It adjoins the Chicago and Northwestern Railway right-of-way, and is immediately to the north of State Bond Issue Route No. 6, also known as U. S. Route No. 30.

On September 11, 1947, the State of Illinois began work on a project designated as State Bond Issue Route No. 6, Section 17-R-IVB. It consisted of a combination reinforced concrete and steel structure over the Chicago and Northwestern tracks. The center line of this structure extends in an east-west direction, south of the

previous alignment of State Bond Issue Route No. 6 through Union Grove.

On May 17, 1948, the State of Illinois began a project designated as State Bond Issue Route No. 6, Section 1. It consisted of an earth-fill leading to the bridge of the project of 17-R-IVB. These projects were completed on October 5, 1949, and September 21, 1949, respectively.

The grade crossing over State Bond Issue Route No. 6 at the Chicago and Northwestern Railway tracks was closed and barricaded on both sides of the tracks, and across the highway.

The face or front of claimants' building is 30 feet north of the center line of the old pavement, and the center line of the old pavement is 76 feet north of the center line of the new pavement. The difference in elevation between the old and new pavements opposite the east end of claimants' property is 25.5 feet, and the same difference opposite the west end of claimants' property is 21.8 feet. A connection made between the old and new highways is 870 feet west of the west line of claimants' property.

The hearing was had in this matter at Morrison, Illinois on September 27, 1951. The evidence on behalf of the claimants consisted of testimony of Cornelius E. Tenboer, Margaret E. Tenboer, William R. Bealer, a real estate man; Clayton Dykema, a real estate broker; J. A. Bull, owner of the elevator and lumber yard at Union Grove; and John Davis, former assessor of the town of Union Grove. The evidence on behalf of the respondent consisted of testimony of Arthur L. Goodenough, a farmer, who was acquainted with the property in question; and Harry R. Hanley, a civil engineer of the Division of Highways of the State of Illinois. Photo-

graphs were also introduced in evidence by both claimants and respondent.

The respondent raises the question of this Court's jurisdiction to award consequential damages where no property has been taken, but admittedly the property has materially depreciated by reason of the improvement, and its effect on accessibility resulted in a depreciation of the fair, cash market value of the property. To support this contention, respondent cites the case of *People* vs. *Smith*, 374 Ill. 286. The Smith case passed on the validity of an Act of the Legislature of 1939, wherein the Court of Claims was given exclusive jurisdiction to ascertain just compensation arising out of cases under Eminent Domain. The Smith case specifically held that the Act was unconstitutional in divesting constitutional courts of jurisdiction over a judicial matter. This can only mean one thing, and that is that the Circuit Court has jurisdiction by mandamus to compel the Director of the Department of Public Works and Buildings to institute appropriate proceedings in accordance with the provisions of the Eminent Domain Act to ascertain the just compensation due for damages. The Smith case was one for consequential damages, because there had been no physical invasion or taking of any property. The first case of this kind arose in *People* vs. *Kingery*, 369 Ill. 289, which was likewise a case for consequential damages. This case, likewise, required the Director to institute proceedings under the Eminent Domain Act for the ascertainment of damages.

Both of the above cases specifically held that the remedies were provided under the Constitution and under the Eminent Domain Act. The Constitution and the Eminent Domain Act are both laws of the State.

Respondent contends, and with merit, that the

Court has repeatedly declined jurisdiction where an adequate remedy exists in the courts of general jurisdiction. All of these cases cited have been cases where the claimant had available to him a remedy established by statute. In the case of *Tebeau* vs. *State of Illinois*, No. 4468, recently decided by this Court, the claimant had commenced his proceeding before the Service Recognition Board, and it was held that where a claim was arbitrarily denied he had a remedy by mandamus, citing *People ex rel Mosco* vs. *Service Recognition Board*, 403 Ill. 442. The basis for the previous decisions of this Court was aptly stated in the case of *Edward J. Barrett* vs. *State*, 13 C.C.R. 13, where the Court, on page 17, held:

"The Legislature in creating the Court of Claims did not intend that it should usurp the powers of, contradict, or compete with Courts of general jurisdiction."

However, under Section 8 of the Court of Claims law, subparagraph A, it is provided as follows:

"A. All claims against the State founded upon *any law* of the State of Illinois . . . . . (emphasis supplied)."

Under this provision of the Court of Claims law, the Court is given jurisdiction to determine claims arising under the Constitution and laws of the State of Illinois, which include the Eminent Domain Act, and the provisions of the Constitution on the taking of private property. This Court has consistently taken jurisdiction in cases involving consequential damages arising out of the construction of public improvements. The action, as stated in *People* vs. *Smith*, *supra*, is not an action for a tort, nor a penalty, nor for forfeiture, but for injury to property, and the right to compensation is a vested property right. For said reason, jurisdiction of this Court is specifically given by the Legis-

357

lature in a case of this kind arising under the specific terms of the Constitution and the Eminent Domain Act. To sustain this contention, both cases of *People* vs. *Smith* and *People* vs. *Kingery, supra,* required the Director to proceed under the Eminent Domain Act to determine plaintiffs' damages. There can be no question that this is a claim under the law of the State of Illinois, and jurisdiction under this Court gives claimant a sure and positive remedy.

The jurisdictional question being resolved, the only question to determine is the amount of damages, for the reason that, by the evidence, it is admitted claimant has sustained damages.

From the evidence in this record, and from a view of the premises, the Court concludes that claimant has sustained damages in the amount of $4,500.00.

An award is, therefore, entered in favor of claimant in the amount of $4,500.00.