(No. 50124.—

FRANK HUDGENS *et al.*, Appellants, v. ANTHONY T. DEAN, Appellee.

*Opinion filed January 26, 1979.*

Harris & Lambert, of Marion, for appellants.

William J. Scott, Attorney General, of Springfield (Robert G. Epsteen, Assistant Attorney General, of Chicago, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

This is an action for a mandatory injunction to compel defendant, who at the time of trial was Director of the Department of Conservation (Department), to rebuild and reopen the portion of a road which is located in the village of Goreville (village) and runs through Ferne Clyffe State Park (park). In the alternative, plaintiffs seek $65,000 with which to rebuild the road. The circuit court of Johnson County rendered judgment for plaintiffs and issued the requested mandatory injunction. The appellate court reversed (53 Ill. App. 3d 126), and we granted plaintiffs leave to appeal.

The State of Illinois obtained title by warranty deed in 1949 to the land which is now part of the park and over which runs Ferne Clyffe Road (the portion of Ferne Clyffe Road in question hereinafter referred to as the "road"). Protection and preservation of that land became the responsibility of the Department. Although the evidence fails to disclose that the village has ever had any recorded interest in the road, the evidence does disclose that the road is located entirely within the village limits. In 1965 the State acquired additional adjoining property and built a new entrance road to the park. Thereafter, a lengthy departmental task force study of the road was made. This study recommended that the defendant, as Director of the Department, order the road closed. In 1973, defendant ordered the road closed to vehicular traffic. The road was subsequently torn up and barricaded, after which the village and members of the village board brought this action against defendant individually, and not in his capacity as Director of the Department. Following a bench

trial, the circuit court found that prior to the State's acquiring title, (1) the road had been established as a public highway by prescription; (2) the road became part of the village street system; and (3) there was an implied dedication of the road to public use and an implied public acceptance. The court further found that there has never been an abandonment of the road by the public. Based upon these findings, the court ruled that defendant's actions invaded the plaintiffs' rights, doing irreparable damage. It found defendant's actions were taken under "an assumption of authority which he did not have," and were therefore illegal. The court further ruled that defendant's acts were neither acts of the State nor acts of the Director, but acts of the defendant individually. The court then issued a mandatory injunction, ordering defendant and "his agents, servants and employees" to remove the barricades and rebuild the road. The appellate court reversed, dissolving the order and dismissing the cause, on the ground that the action was in reality one against the State and was therefore barred by the doctrine of sovereign immunity.

Section 4 of article XIII of the 1970 Constitution, effective July 1, 1971, provides:

> "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished."

The General Assembly subsequently enacted Public Act 77—1776, effective January 1, 1972, which provides:

> "Except as provided in 'An Act to create the Court of Claims, ***' *** the State of Illinois shall not be made a defendant or party in any court." Ill. Rev. Stat. 1977, ch. 127, par. 801.

It is well settled that in determining whether a suit is in fact a suit against the State, the court is not bound solely by the formal identification of the parties to the record. Rather, the court is to analyze the particular issues involved and the relief sought. *E. H. Swenson & Son, Inc.*

*v. Lorenz* (1967), 36 Ill. 2d 382, 385; *Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 37; *Monroe v. Collins* (1946), 393 Ill. 553, 558; *Posinski v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (1941), 376 Ill. 346, 351; *Adams v. Nudelman* (1940), 375 Ill. 217, 219; *Schwing v. Miles* (1937), 367 Ill. 436, 442.

As evidenced by their complaint, plaintiffs' suit purports to be solely against defendant as an individual. The complaint reads:

> "This suit, therefore, is not brought against the State of Illinois, nor against Anthony T. Dean as Director of the Department of Conservation nor the Department of Conservation, but is brought solely against the defendant individually ***."

Such purport, however, is belied by the evidence and proceedings in the case. The evidence reveals that the decision to close the road was made while defendant was Director of the Department, and pursuant to a comprehensive management plan based upon an extensive study of and report on the park site. Clearly, defendant's decision to close the road was made in his official capacity.

Plaintiffs attempt to reconcile the circuit court's order, which ran not only against defendant, but also against "his agents, servants and employees," with their insistence that this is a suit against defendant individually. They argue that the defendant "may well have 'agents, servants and employees' of his own that are not State associated ***." We, however, agree with the appellate court's conclusion that the circuit court was referring to State agents, servants and employees.

Furthermore, the circuit court and the plaintiffs, in describing defendant's actions, employed language such as "assumption of authority which he did not have," "beyond his authority," and "transcended his authority." Language such as this is normally associated with cases in which an officer is sued in his *official* capacity for acting

without authority or in excess of his delegated authority. See *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 548; *Owens v. Green* (1948), 400 Ill. 380, 409; *People ex rel. Freeman v. Department of Public Welfare* (1938), 368 Ill. 505, 507; *Joos v. Illinois National Guard* (1912), 257 Ill. 138, 142.

Finally, plaintiffs have filed a motion in this court to amend their complaint to add David Kenney, the present Director of the Department, as a party defendant. The motion requests that the mandatory injunction issued by the trial court also be made applicable to Kenney as Director. This motion is entirely inconsistent with the nature of plaintiffs' action as disclosed by the original complaint, and is therefore denied.

It is to be emphasized that, while plaintiffs initially sued defendant as an individual, they subsequently have sought to transform their action into one against defendant in his official capacity, and to have the State answer for defendant's actions. Plaintiffs cannot have it both ways. The relief requested would require affirmative action by the State and the spending of State funds to rebuild and reopen the road. When the State will be directly and adversely affected by the judgment or decree, making the State the real party against whom relief is sought, the suit is against the State. (*Posinski v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (1941), 376 Ill. 346, 351-52; *Schwing v. Miles* (1937), 367 Ill. 436, 442.) In sum, we are of the opinion that this action is, in substance and effect, a suit against the State, and that it is thus barred by sovereign immunity.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*