JOHN J. GORDON *et al.*, Plaintiffs-Appellees, *v.* THE DEPARTMENT OF TRANSPORTATION, Defendant-Appellant.

Second District   No. 82—46

Opinion filed October 29, 1982.—Rehearing denied December 1, 1982.

Tyrone C. Fahner, Attorney General, of Springfield (Karl Yost and Roy E. Frazier, Jr., Assistant Attorneys General, of counsel), for appellant.

William A. Kelly, of Nack, Richardson & Kelly, of Galena, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

The Department of Transportation of the State of Illinois (department) appeals from a judgment of the circuit court of Carroll County ordering the issuance of a writ of *mandamus* compelling the department to commence condemnation proceedings with regard to certain property alleged in the petition for a writ of *mandamus* to be owned by plaintiffs John J. Gordon and John F. Gordon, and in which plaintiff Savanna State Bank, holds a security interest. The department raises the following issues for our review: (1) whether the trial court erred in ordering issuance of the writ of *mandamus* against the department based upon plaintiffs' claim of adverse possession; (2) whether the Illinois Court of Claims has exclusive jurisdiction of this action; (3) whether the trial court erred in denying the department's motion to strike the petition; and (4) whether plaintiffs are estopped from claiming ownership of the subject property.

We find it unnecessary for this court to address any issue other than the jurisdiction of the circuit court to hear this matter in view of our conclusion that the action cannot be maintained in any court except as provided in the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.1 *et seq.*).

In their petition for a writ of *mandamus*, plaintiffs allege their ownership and a security interest in certain legally described property (which the proofs indicate is a parking lot adjacent to a restaurant known as Meeker's Seafood Inn); that the department has physically taken a portion of this property; that no condemnation proceedings were instituted by the department with regard to this property; that the department has refused to condemn the property taken; and that plaintiffs are entitled to a writ of *mandamus* ordering the department to commence condemnation proceedings with respect to the property. The department answered the petition and asserted affirmative defenses that (1) no condemnation proceedings have been instituted because no condemnation proceedings are warranted, (2) the Savanna State Bank in another proceeding implicitly acknowledged that its claim is baseless, and (3) title to the property in question was previously determined in another case and the matters are *res judicata*.

A bench trial was held, and we briefly set out only that evidence which is necessary to the resolution and understanding of the determinative issue of the jurisdiction of the circuit court to hear this action.

John J. Gordon, one of the plaintiffs, purchased Meeker's Seafood Inn in 1956 and operated the premises and used an adjacent parking lot continuously and exclusively until 1977; the restaurant and parking lot were continuously used by Gordon's predecessors since at least 1942; the description in the 1956 deed to Gordon did not include the portion of the parking lot at issue; and the record title owner of the portion of the parking lot at issue was Oscar Skaien, and previously his predecessors in title, until 1977 when Skaien quitclaimed his interest to the State of Illinois. In 1977, the State of Illinois was in the process of constructing a new bridge across the Plum River near Savanna, Illinois. The northern approach to the bridge went across the portion of the parking lot at issue herein. At least two other bridges crossing the Plum River at this approximate location had been built and torn down when replaced by new bridges constructed next to the bridge replaced. Prior to 1930, a bridge, long since torn down, had existed in the approximate location of the newest bridge under construction. The plaintiffs claimed below that they owned the portion of the parking lot in question by adverse possession. The department

claimed it owned this property either based upon the 1977 quitclaim deed from Skaien or by common law dedication or by prescription since a previous bridge torn down around 1930 had been in that location for many years.

The trial court in a memorandum opinion found that Gordon and his predecessors had adversely possessed the property in question since 1942 against Skaien and his predecessors in title prior to Skaien's quitclaim deed to the State in 1977; that the department took by quitclaim deed only that interest Skaien had in 1977; that the department also failed to prove it had acquired the property by common law dedication or by prescription by virtue of the existence of a previous bridge at that location prior to 1930; and even if the State had acquired an interest in the property by common law dedication or by prescription, the property was lost by abandonment.

After the memorandum opinion was filed, the department filed its post-trial motion and subsequently filed a motion to dismiss; the latter requesting for the first time that the action be dismissed since the State could not be a defendant or party in any court except as provided in the Court of Claims Act. Both motions were denied by the trial court.

Section 4 of article XIII of the Illinois Constitution of 1970 provides:

> "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished."

Section 1 of "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1979, ch. 127, par. 801) provides:

> "Except as provided in 'An Act to create the court of claims, to prescribe its powers and duties, and to repeal An Act herein named,' filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court."

Thus, it is clear that the General Assembly has specifically prohibited making the State of Illinois a defendant or party in any court.

What we must determine is whether in this action the State of Illinois is a defendant or a party within the statutory proscription.

We conclude that the decision of our supreme court in *Sass v. Kramer* (1978), 72 Ill. 2d 485, 381 N.E.2d 975, is controlling on this issue. In *Sass*, the plaintiff filed an action in the circuit court against John Kramer, the Secretary of the Department of Transportation, State of Illinois, to quiet title to and for a writ of possession of land over which the State had acquired an easement for a public highway by virtue of a dedication by plaintiff's predecessors in title. The court initially determined that while the suit was nominally against an offi-

cer of the State, it clearly affected property of the State. It then held that:

> "The real party in interest in the case is not the individual defendant named but the People of the State of Illinois, title to whose property is at stake in this litigation. Under the authority set out above, such an action cannot be maintained in a court, and the same proscription prevails under the 1970 Constitution and under Public Act 77—1776 (Ill. Rev. Stat. 1973, ch. 127, par. 801)." (72 Ill. 2d 485, 492, 381 N.E.2d 975.)

The court further concluded that "the action cannot be maintained in any court except as provided in the Court of Claims Act." 72 Ill. 2d 485, 493, 381 N.E.2d 975.

In the case at bar, the Department of Transportation of the State of Illinois is named as the only defendant in this lawsuit and ownership of the property in question was disputed, litigated and determined in the court below. A department of State government is a part, or division, of the government, and a suit against a department of the State is a suit against the State. (*Noorman v. Department of Public Works & Buildings* (1937), 366 Ill. 216, 8 N.E.2d 637.) When the property of the State is involved, the State is directly and adversely affected by the suit and the action must be held to be one against the State. (*Sass v. Kramer* (1978), 72 Ill. 2d 485, 381 N.E.2d 975.) It is readily apparent here that the State is, in reality, a defendant in a suit in which a determination was made in the court below that the State had no interest in certain property. Clearly, then, the action is one against the State which under the holding in *Sass* cannot be brought in any court except as provided in the Court of Claims Act.

The plaintiffs argue, however, that in *Sass* the action was a suit to quiet title, whereas here the *mandamus* proceeding does not pursue a claim against the State, but seeks to enforce the performance of an official duty. They contend that numerous decisions have allowed a *mandamus* suit in the circuit courts to compel the State to initiate eminent domain proceedings. (See, *e.g.*, *Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 246 N.E.2d 285; *People ex rel. Haynes v. Rosenstone* (1959), 16 Ill. 2d 513, 158 N.E.2d 577; *People ex rel. O'Meara v. Smith* (1940), 374 Ill. 286, 29 N.E.2d 274; *People ex rel. First National Bank v. Kingery* (1938), 369 Ill. 289, 16 N.E.2d 761.) Initially, we point out that in the decisions cited immediately above which allow an action for *mandamus* to compel institution of proceedings under the Eminent Domain Act (Ill. Rev. Stat. 1979, ch. 47, par. 1 *et seq.*), the defendant in each case was an officer of State government, the

director of a department of the State of Illinois. *Mandamus* is an appropriate remedy to compel a public officer to exercise the discretion vested in him (*People ex rel. Tucker v. Kotsos* (1977), 68 Ill. 2d 88, 99, 368 N.E.2d 903), or to compel public officials to comply with statutory or constitutional duties. (*Overend v. Guard* (1981), 98 Ill. App. 3d 441, 443, 424 N.E.2d 731.) Nonetheless, the defendant in the instant case is a department of State government which makes this a suit against the State. (*Noorman v. Department of Public Works & Buildings* (1937), 366 Ill. 216, 8 N.E.2d 637.) Thus, the State is a defendant in a suit which, pursuant to "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1979, ch. 127, par. 801), cannot be maintained in any court except as provided in the Court of Claims Act. See *Sass v. Kramer* (1978), 72 Ill. 2d 485, 381 N.E.2d 975.

Even were plaintiffs here to have brought this action against the Secretary of the Department of Transportation, under the facts of this case the issue which must necessarily be decided before a writ of *mandamus* could issue compelling institution of eminent domain proceedings is ownership of the property in question. As the determination of title to property involves and directly affects an interest in property of the State of Illinois, the State is the real party in interest and cannot be sued except as provided in the Court of Claims Act. (*Sass v. Kramer* (1978), 72 Ill. 2d 485, 381 N.E.2d 975.) In cases where a *mandamus* action against the director of a department of State government to compel eminent domain proceedings has been allowed in the circuit court, no issue of the State's interest in that property was a matter to be determined by the court; the issue was whether a property owner who can prove that his property has been damaged by the State can compel the institution of eminent domain proceedings. (See *Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 246 N.E.2d 285; *People ex rel. Haynes v. Rosenstone* (1959), 16 Ill. 2d 513, 158 N.E.2d 577; *People ex rel. First National Bank v. Kingery* (1938), 369 Ill. 289, 16 N.E.2d 761.) Thus, the *mandamus* action is not against the State but against the secretary of the department to compel him to do his duty: *i.e.,* institute eminent domain proceedings. It is recognized that a provision immunizing the State from being made a defendant or party in a court does not forbid actions against State officials in cases where the State would not be directly and adversely affected by the relief sought, and that such officials may under those circumstances be compelled to perform a duty required by the constitution or statute, or be restrained from acting beyond their authority or from acting under color of an invalid statute. (*People v. Illinois Toll Highway Com.* (1954), 3 Ill. 2d 218, 224, 120 N.E.2d 35.) Thus,

the fundamental difference under the circumstances of this case is that the ownership of the property in question here was in dispute, and the issues litigated in the circuit court directly involved and affected the ownership of property claimed by the State of Illinois. The State is the real party in interest. Accordingly, the *mandamus* action here is not merely to compel an officer of State government to do his duty, but involves a determination of ownership of property in which the State of Illinois claims an interest. The proper forum in which to determine this matter is the Illinois Court of Claims.

For these reasons, the judgment of the circuit court of Carroll County is reversed.

Reversed.

SEIDENFELD, P.J., and HOPF, J., concur.