(No. 57751.-

JOHN J. GORDON *et al.*, Appellants, v. THE DEPARTMENT OF TRANSPORTATION, Appellee.

*Opinion filed December 1, 1983.*

William A. Kelly, of Nack, Richardson & Kelly, of Galena, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roy E. Frazier, Jr., Assistant Attorney General, and Karl Yost, Special Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

Plaintiffs, John J. Gordon, John F. Gordon, and Savanna State Bank, filed suit against defendant, the Department of Transportation of the State of Illinois, to obtain a writ of *mandamus* compelling the defendant to commence condemnation proceedings concerning property allegedly owned by plaintiffs John J. Gordon and John F. Gordon and mortgaged to Savanna State Bank. On May 20, 1980, the defendant filed a motion to strike that was denied by the trial court. The subject matter of the lawsuit was a parcel of land adjacent to John J. Gordon's restaurant that was needed by the State to construct a public road. The circuit court of Carroll County granted the requested writ of *mandamus*, and the State appealed. The appellate court reversed the circuit court (109 Ill. App. 3d 1071), and we granted the plaintiffs' petition for leave to appeal (87 Ill. 2d R. 315(a)).

John J. Gordon purchased a restaurant known as Meeker's Seafood Inn on July 14, 1956. The property is located south of Savanna, Illinois, near Illinois Route 84,

and had been used to operate a restaurant since 1942. Gordon continued to operate the restaurant until March 6, 1972, when the restaurant was sold on contract to Gary Harmsen. Harmsen defaulted, and the Savanna State Bank instituted foreclosure proceedings in 1976. Gordon remained the owner of the property, and the Savanna State Bank had a security interest in the property at the time of the lawsuit to compel eminent domain proceedings.

A blacktopped parking lot was located immediately adjacent to the restaurant, and the description in the 1956 deed to Gordon did not include the portion of the parking lot claimed by Gordon and the State of Illinois. In 1977, the Department of Transportation of the State of Illinois was constructing a new bridge across the Plum River near Savanna, and the northern approach to this bridge passed through the parking lot next to Gordon's restaurant. The record title owner of the disputed parking lot was Oskar Skaien, who quitclaimed his interest to the State of Illinois in order to facilitate the building of the new bridge.

The Gordons claim ownership of the parking lot by adverse possession. The State claims ownership based on the 1977 conveyance from Skaien or by common law dedication. The trial court ruled in favor of the plaintiffs, reasoning that John J. Gordon and his predecessors had adversely possessed the disputed property since 1942, and issued a writ of *mandamus* compelling the State to commence condemnation proceedings.

We agree with the appellate court's reversal of the circuit court, since the circuit court was without jurisdiction in this case. The action should have been brought in the Court of Claims, because the State of Illinois was the real party in interest in the lawsuit. Sections 8(a) and (b) of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, pars. 439.8(a), (b)) provide, in pertinent part:

"The court shall have exclusive jurisdiction to hear and determine the following matters:

(a) All claims against the state founded upon any law of the State of Illinois, or upon any regulation thereunder ***.

(b) All claims against the state founded upon any contract entered into with the State of Illinois."

Section 4 of article XIII of the Illinois Constitution of 1970 provides:

"Except as the General Assembly may provide by law, sovereign immunity in this State is abolished."

Section 1 of "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1979, ch. 127, par. 801) provides:

"Except as provided in 'An Act to create the Court of Claims, to prescribe its powers and duties, and to repeal An Act herein named', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court."

In the case at bar, the State of Illinois has title to the disputed property. Since the State acquired the property by quitclaim deed, it is clear that the Court of Claims, and not the circuit court, had jurisdiction. It is the legislature's task to codify public policy; we refrain from undertaking such impermissible judicial legislation. (*S. J. Groves & Sons Co. v. State* (1982), 93 Ill. 2d 397, 407.) We need not reach the question of whether a different result would obtain if the State were not the actual owner of the property. (See also *Granite City Moose Lodge No. 272 v. Kramer* (1983), 96 Ill. 2d 265, 268-69; *Sass v. Kramer* (1978), 72 Ill. 2d 485, 489; Comment, *State Immunity in Illinois: The Court of Claims*, 15 DePaul L. Rev. 340, 342-44 (1966).

Since the issue of jurisdiction is dispositive, we need not reach the question of whether plaintiff acquired title to the disputed property by adverse possession. Here, the circuit court lacked jurisdiction to consider plaintiff's complaint for a writ of *mandamus* to compel eminent domain proceedings.

48

We therefore conclude that the appellate court properly reversed the order of the circuit court that issued the writ of *mandamus*.

*Judgment affirmed.*