(No. 59673 )

THE HERGET NATIONAL BANK OF PEKIN, Appellant, v. DAVID KENNEY, Director of Conservation, Appellee.

*Opinion filed February 22, 1985.*

406

GOLDENHERSH, J., CLARK, C.J., and WARD, J., dissenting.

Ronald L. Keyser, of Elliff, Keyser, Oberle, Davies & Hoffman, P.C., of Pekin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Karen Konieczny, Special Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE MORAN delivered the opinion of the court:

Defendant, David Kenney, Director of the Department of Conservation, appealed from the judgment of the circuit court of Tazewell County ordering the issuance of a writ of *mandamus* directing him to institute eminent domain proceedings to determine compensation for certain real estate owned by plaintiff, the Herget National Bank of Pekin, as trustee. In a Rule 23 order (87

Ill. 2d R. 23) the appellate court reversed (119 Ill. App. 3d 1171), and we allowed plaintiff's petition for leave to appeal (94 Ill. 2d R. 315(a)).

One question is raised: Does sovereign immunity bar plaintiff's action to compel the Director of Conservation to institute eminent domain proceedings?

Prior to 1945, the property, consisting of approximately 55 acres, was owned by Eli Haas. Upon his death the property descended to Kittie Helmig, who, although she had been adjudged incompetent in 1940, retained ownership until her death in 1969. She devised the property in fee to her grandchildren subject to a life estate in favor of her daughter, Lucy Galvin. These parties in 1979 conveyed their interest to plaintiff as trustee and retained the beneficial interest in the property.

Prior to 1960, the tract, approximately half swamp and half usable for pasture or crops, abutted Spring Lake on its north and east sides. In 1958, the State began building causeways across the lake for the purpose of increasing the size of the water area. The lake increased in size from 580 to 1,250 acres, and the tract in question became a submerged portion of the enlarged portion of the lake.

During the 1950's, Charles Helmig, the husband and court-appointed conservator for Kittie Helmig, was apparently interested in the expansion of Spring Lake. He developed a subdivision on a portion of a larger parcel, of which the 55 acres were a part. After Spring Lake was expanded, this development was adjacent to it. It appears that Helmig might have intended to execute flood releases but died in 1960 before doing so.

In 1980, the Department of Conservation drained Spring Lake for the purpose of killing the fish population. The lake was immediately refilled and restocked. At this time the Galvin family attempted to prevent the refilling of the lake unless the State purchased the prop-

erty. Upon refusal by the State to purchase the property, plaintiff instituted this proceeding for *mandamus*. In defendant's answer he pleaded as an affirmative defense that, by reason of the conduct of the parties, defendant had acquired an irrevocable license to occupy the disputed land. Although the circuit court entered an order granting plaintiff's prayer for a writ of *mandamus*, the appellate court held that the circuit court was without subject matter jurisdiction, since the cause was barred by the doctrine of sovereign immunity.

Article XIII, section 4, of the 1970 Illinois Constitution provides:

> "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished."

This constitutional provision was passed after extensive debate and with full recognition that the General Assembly would have the potential to reinstate sovereign immunity. (3 Record of Proceedings, Sixth Illinois Constitutional Convention 1829-49; 5 Proceedings 3948-52.) Thus, acting under the authority of the 1970 Constitution, the General Assembly enacted Public Act 77—1776, which provides:

> "Except as provided in 'An Act to create the Court of Claims, to prescribe its powers and duties, and to repeal An Act herein named', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court." Ill. Rev. Stat. 1973, ch. 127, par. 801.

This court has consistently held that the determination of whether a suit is against the State is dependent on the issues involved and the relief sought rather than by the formal identification of the parties. (*Hudgens v. Dean* (1979), 75 Ill. 2d 353, 355; *Sass v. Kramer* (1978), 72 Ill. 2d 485, 490-91; *Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 37.) As the court in *Hudgens* stated: "When the State will be directly and adversely affected by the judgment or decree, making the State the real party

against whom relief is sought, the suit is against the State." 75 Ill. 2d 353, 357.

The issue presented in the instant case is whether the State has an irrevocable license to flood the property in question. The determination of the question inevitably involves the rights of the State. In its judgment order the circuit court found "that defendant has not obtained an irrevocable license for the continued use of the land" and ordered the issuance of a writ of *mandamus* "compelling defendant to institute eminent domain proceedings for the land of plaintiff taken or damaged by defendant." In reversing that judgment, the appellate court said:

> "Without repeating the reasoning of *Sass v. Kramer* (1978), 72 Ill. 2d 485, 381 N.E.2d 975, and *Gordon v. Dept. of Transportation* (1981), 109 Ill. App. 3d 1071, 441 N.E.2d 904, we believe that they fully set forth the constitutional and statutory provisions applicable to this case. Furthermore, we believe they are controlling authorities for the proposition that property rights of the State are in dispute and therefore the action is one against the State of Illinois prohibited by statute and not one against an individual for the violation of some duty." Slip op. at 2-3.

We cannot agree that the rationale of *Sass* and *Gordon* controls the disposition of this case. As the plaintiff correctly points out, both *Sass* and *Gordon* involved real estate in which record title was vested in the State of Illinois. In *Sass*, it was necessary to determine whether the State had abandoned an easement, and the court held that the real party in interest was the State and that the action could not be maintained in any court except as provided in the Court of Claims Act. In *Gordon v. Department of Transportation* (1983), 99 Ill. 2d 44, the plaintiff sought issuance of a writ of *mandamus* to compel commencement of condemnation proceedings for a parcel of land allegedly owned by plaintiffs. The State claimed ownership based on

an earlier conveyance or by common law dedication. The court held that plaintiff's claim was a claim against the State and that under the provisions of section 8 of "An Act to create the Court of Claims ***" (Ill. Rev. Stat. 1981, ch. 37, par. 439.8(a)), the action was a claim against the State over which the Court of Claims had exclusive jurisdiction. In the instant case, record title has continuously been held by plaintiff and its predecessors in title. Further, there has been a physical invasion and taking of the property in question.

The 1970 Illinois Constitution provides in the bill of rights:

"Private property shall not be taken or damaged for public use without just compensation as provided by law. Such compensation shall be determined by a jury as provided by law." Ill. Const. 1970, art. I, sec. 15.

This constitutional right is codified in article VII of the new Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 7—101 *et seq.*) (Pub. Act 82—280, the new Code of Civil Procedure, provided in article XIX—b, section 19B—101, for repeal of " 'An Act to provide for the exercise of the right of eminent domain,' " approved April 10, 1872, as amended, effective April 10, 1982.) While all provisions of the Constitution must be considered together, "the whole must be construed so that the general intent will prevail." (*People ex rel. Wellman v. Washburn* (1951), 410 Ill. 322, 328.) We recognize the general constitutional validity of article XIII, section 4, of the 1970 Constitution, as well as "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1973, ch. 127, par. 801). We find, however, that applying these provisions to the facts of the instant case, so as to require that the proceeding be brought in the Court of Claims, runs afoul of section 15 of article I of the 1970 Constitution, which guarantees a litigant, such as the plaintiff, the right to a jury determination of "just compensation" for property taken or damaged

for public use.

> "The bill of rights incorporated in our constitution is a restatement and adoption of the very principles upon which our freedom is based and is generally admitted to be our greatest heritage. Where any act of the legislature or other provision of the constitution, in a particular case, tends to infringe upon the rights thus preserved, we must assume that it was the intent of the framers thereof that there should be no curtailment of such rights." (*People ex rel. Wellman v. Washburn* (1951), 410 Ill. 322, 328-29.)

See also *People v. Humphreys* (1933), 353 Ill. 340, 342; *People ex rel. Decatur & State Line Ry. Co. v. McRoberts* (1871), 62 Ill. 38, 41.

This court has long recognized the presumption that the State, or a department thereof, cannot violate the Constitution and the laws of the State. In the event that such a constitutional or statutory violation occurs, it is deemed to be made "by a State officer or the head of a department of the State, and such officer or head may be restrained by proper action instituted by a citizen." *Schwing v. Miles* (1937), 367 Ill. 436, 441-42; see also *City of Springfield v. Allphin* (1978), 74 Ill. 2d 117, 124; *County of Cook v. Ogilvie* (1972), 50 Ill. 2d 379, 383; *People ex rel. First National Bank v. Kingery* (1938), 369 Ill. 289, 292.

The plaintiff in this case seeks the right to a determination of its damages, if any, by a judgment of its peers, as guaranteed by article I, section 15, of the 1970 Constitution. This guarantee becomes meaningless if the plaintiff is forced into the Court of Claims, where a jury, as provided by article I, section 15, will not be allowed to determine the just compensation. We find that the plaintiff is constitutionally entitled to eminent domain proceedings to determine the appropriate compensation for the real estate in question. The failure of the defendant Director of Conservation to institute such proceedings is in violation of the

Constitution, and, as such, this action cannot be considered an action against the State. Since this action contests the unconstitutional conduct of a State official, we find that the circuit court did have jurisdiction and properly ordered the issuance of a writ of *mandamus* compelling the defendant director to institute eminent domain proceedings.

For the reasons stated, the judgment of the appellate court is reversed.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE GOLDENHERSH, dissenting:

I dissent. The majority has relied on a nonexistent distinction between this case and *Gordon v. Department of Transportation* (1983), 99 Ill. 2d 44, and *Sass v. Kramer* (1978), 72 Ill. 2d 485, to reach an erroneous result.

Sections 8(a) and (b) of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, pars. 439.8(a), (b)) provide in pertinent part:

"The court shall have exclusive jurisdiction to hear and determine the following matters:

(a) All claims against the state founded upon any law of the State of Illinois, or upon any regulation thereunder * * *.

(b) All claims against the state founded upon any contract entered into with the State of Illinois."

The record shows that the land in question had been flooded and part of the lake since sometime in 1960, and this action was filed in 1981. Defendant, as affirmative defenses, pleaded that the action was not timely brought because the Department had occupied the land "openly, continuously, exclusively, adversely and notoriously" for a period of more than 20 years prior to the filing of the action. It also pleaded a dedication to public use, *laches,* and conduct on the part of the plaintiff which created an irrevocable license to use the land.

In *Sass v. Kramer* (1978), 72 Ill. 2d 485, 490-91, the court held that whether the State is a party to a suit in violation of the sovereign immunity statute (Ill. Rev. Stat. 1981, ch. 127, par. 801) "depends upon the issues involved and the relief sought." *Sass* presented the question whether the State had abandoned an easement. The court held that it was necessary to determine whether, under the facts, there had been an abandonment of the easement, and that the action necessarily involved and affected an interest in property of the State and could only be brought in the Court of Claims.

In *Gordon v. Department of Transportation* (1983), 99 Ill. 2d 44, the plaintiff claimed ownership of a parcel of land by adverse possession. The State claimed ownership based on a conveyance or by common law dedication. The court held that the action should have been brought in the Court of Claims because the State was the real party in interest.

There is no question that an owner who can prove that his property was damaged can compel the State to institute an action in eminent domain. (*People ex rel. Haynes v. Rosenstone* (1959), 16 Ill. 2d 513, 516.) Absent the issues raised by the pleadings and the testimony as to whether the State was in possession of the property by reason of an action other than a taking of the property, the opinion of the majority would be correct. Here, however, the situation presented is that the State claims a right to possession of land of which it has had possession for more than 20 years, and under the circumstances, the claim of the plaintiff is a claim against the State over which the Court of Claims has sole jurisdiction. The majority states that the circuit court found "that defendant had not obtained an irrevocable license for continued use of the land" (105 Ill. 2d at 409), but conspicuous by its absence is any explanation of why the circuit court had jurisdiction to determine that issue.

The issue presented is whether the State has acquired a property interest which entitles it to flood the property in question. Whether the State's interest rests upon a conveyance, a dedication, adverse possession, or an irrevocable license, plaintiff's action is against the State of Illinois, and can only be brought in the Court of Claims.

CLARK, C.J., and WARD, J., join in this dissent.