JOE D. MARTIN, Plaintiff-Appellee, *v.* LOUIS GIORDANO, Director of the Department of Central Management Services (Successor Agency to the Department of Personnel), State of Illinois, *et al.*, Defendants-Appellants.

Fourth District   No. 4—82—0793

Opinion filed June 8, 1983.

Neil F. Hartigan, Attorney General, of Springfield (Moshe Jacobius and Jerome J. Webb, Assistant Attorneys General, of counsel), for appellants.

William H. Knuppel, of Lemmer, Boggs, Knuppel & Krebaum, P.C., of Havana, for appellee.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

Defendant appeals an order of the circuit court of Mason County which directed the clerk of that court to issue a writ of *mandamus* upon the defendant Giordano directing him to do all necessary acts to cause to be paid to plaintiff the sum of $7,926.75 representing additional compensation pursuant to the provisions of section 19(k) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(k)).

The facts are largely undisputed. Plaintiff obtained a lump-sum settlement in the amount of $15,853.50 of his workers' compensation claim against the Department of Transportation of the State of Illinois. He afterwards filed a petition with the Industrial Commission seeking additional payment of 50% of the claim under section 19(k) for vexatious and unreasonable delay in payment of the claim. The Commission entered an order awarding such additional compensation and the defendant refused payment, holding that the State of Illinois was not subject to the provisions of section 19(k). The instant suit was then filed under the former *mandamus* act (Ill. Rev. Stat. 1979, ch. 87, par. 1 *et seq.*), now part of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 14—101 *et seq.*).

Both parties filed motions for summary judgment and plaintiff sought leave to maintain the cause as a class action. (Ill. Rev. Stat. 1981, ch. 110, par. 2—801.) Objections to the class action were filed and sustained, and no appeal has been taken from that action. The trial court allowed the plaintiff's motion for summary judgment and denied the defendant's. Although no longer required by the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 14—105), the peremptory writ was issued by the circuit clerk and served upon the defendant Giordano by the sheriff of Sangamon County.

Section 19(k) provides as follows:

"In cases where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compen-

sation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award. Failure to pay compensation in accordance with the provisions of Section 8, paragraph (b) of this Act, shall be considered unreasonable delay." Ill. Rev. Stat. 1981, ch. 48, par. 138.19(k).

Defendant's argument, simply put, is that of sovereign immunity. He claims that the State of Illinois is not subject to section 19(k).

There is no need to rehash here the history of sovereign immunity. Suffice it to say, the doctrine was abolished by the Illinois Constitution of 1970 and was partially restored by the legislature, effective January 1, 1972. Ill. Rev. Stat. 1981, ch. 127, par. 801; see *S. J. Groves & Sons Co. v. State* (1982), 93 Ill. 2d 397, 444 N.E.2d 131.

The supreme court has held that the legislature may by statute consent to the State's liability, but the consent must be clear and unequivocal; it cannot be inferred or implied. *Department of Revenue v. Appellate Court* (1977), 67 Ill. 2d 392, 367 N.E.2d 1302; *City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 413 N.E.2d 394.

From these principles defendant argues that since liability on the State is not unequivocally set forth in section 19(k), it does not exist. He further argues that the payment provided in section 19(k) is a penalty and such statutes should be narrowly construed. We do not agree with either.

Various provisions of the Workers' Compensation Act (Act) indicate the submission of the State to liability. Section 1(a)(1) defines "employer" to include the State. (Ill. Rev. Stat. 1981, ch. 48, par. 138.1(a)(1).) Section 2 of the Act states without equivocation, "The State of Illinois hereby elects to provide and pay compensation according to the provisions of this Act." (Ill. Rev. Stat. 1981, ch. 48, par. 138.2.) Section 3 provides that it shall "automatically and without election" apply to the State concerning certain extra-hazardous businesses as therein defined. Ill. Rev. Stat. 1981, ch. 48, par. 138.3.

Section 19 of the Act, which is at issue here, is even more explicit. It contains 15 subparagraphs denominated (a) through (o); in two of them, (f) and (g), there is an unequivocal exemption for the State. Subparagraph (f)(1) begins by providing: "Except in cases of claims against the State of Illinois, in which case the decision of the Commission shall not be subject to judicial review, ***." (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(f)(1).) Subparagraph (g) also begins by

providing: "Except in the case of a claim against the State of Illinois, ***." (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(g).) The legislative intent, in our opinion, is clear: 13 subparagraphs of section 19 apply to the State, two do not by virtue of express exemption; subparagraph (k) contains no express exemption and therefore applies.

This cannot be a case of legislative oversight. We note that the Workers' Occupational Diseases Act (Ill. Rev. Stat. 1981, ch. 48, par. 172.36 et seq.) follows almost the identical pattern, especially subparagraphs (f)(1) and (g) of section 19 (Ill. Rev. Stat. 1981, ch. 48, pars. 172.54(f)(1), (g).) Other examples of specific admission of liability in the employment area are found in the Unemployment Insurance Act. (Ill. Rev. Stat. 1981, ch. 48, par. 300 et seq.) Section 204, which defines "employing unit," provides, "including the State of Illinois, ***." (Ill. Rev. Stat. 1981, ch. 48, par. 314.) Section 205, which defines "employer," contains this language: "With respect to the years 1972 and thereafter, the State of Illinois ***." (Ill. Rev. Stat. 1981, ch. 48, par. 315(B)(5).) The pattern throughout chapter 48 is clear: the State, through the legislature, elects to become subject to the general provisions of the several statutes, but specific exemptions are provided as to individual portions of those statutes, if the legislature so decrees. In sum: no such decree, no exemption.

Defendant's argument would turn this proposition around. He claims that there must be specific inclusion of the State in each section of a statute. This ignores the provisions for general inclusion and does not explain the specific exclusions. By relying upon *Appellate Court* and *Allphin*, he misconstrues those holdings. These cases stand for the proposition that general enactments imposing liability cannot be applied to the State in the absence of a specific legislative intent to so apply them. The critical issue is whether the legislature intended to impose liability upon the State—not how or where the intent is expressed.

Furthermore, section 19(k) nowhere speaks of a penalty. It provides for additional "compensation" and under section 2 the State has elected to pay "compensation." Other employers cannot pick and choose what "compensation" they will pay. Neither may the State of Illinois.

The order of the circuit court of Mason County is affirmed.

Affirmed.

MILLS and GREEN, JJ., concur.