# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Lynch v. Department of Transportation*, 2012 IL App (4th) 111040

---

| | |
|---|---|
| Appellate Court Caption | ROBERT D. LYNCH, Plaintiff-Appellant, v. THE DEPARTMENT OF TRANSPORTATION, Defendant-Appellee.–TIMOTHY L. STORM, Plaintiff-Appellant, v. THE ILLINOIS STATE POLICE, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket Nos. 4-11-1040, 4-11-1048 cons. |
| Argued | October 11, 2012 |
| Filed | November 8, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In consolidated actions in the circuit court alleging employment discrimination under the Illinois Human Rights Act against the Illinois Department of Transportation and the Department of State Police, the claims barred by doctrine of sovereign immunity, since there was no clear and unequivocal waiver of the State's sovereign immunity in the Act, regardless of the Act's inclusion of the State in the definition of an "employer." |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, Nos. 10-MR-567, 11-MR-171; the Hon. John W. Belz, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Mary Lee Leahy, of Leahy Law Offices, of Springfield, and Randall D. Schmidt (argued), of Edwin F. Mandel Legal Aid Clinic, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Paul Racette (argued), Assistant Attorney General, of counsel), for appellee.

Louis A. Klapp, of Kirkland & Ellis, John A. Knight and Harvey Grossman, both of American Civil Liberties Union of Illinois, and Philip R. Strauss, of Chicago Lawyers' Committee for Civil Rights, all of Chicago, for *amicus curiae* American Civil Liberties Union of Illinois.

Panel

JUSTICE KNECHT delivered the judgment of the court, with opinion.

Presiding Justice Turner and Justice Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1    In this consolidated appeal, plaintiffs, Robert D. Lynch and Timothy L. Storm, seek review of the Sangamon County circuit court's orders dismissing their claims under the Illinois Human Rights Act (Rights Act) (775 ILCS 5/art. I (West 2010)) pursuant to the doctrine of sovereign immunity. Both Lynch and Storm sued the State of Illinois, in its capacity as their respective employers, for violations of the Rights Act. Lynch sued the Illinois Department of Transportation (IDOT) for unlawful retaliatory conduct. Storm sued the Illinois State Police (State Police) for unlawful employment discrimination on the basis of age, sex, and sexual orientation. In both cases, the court concluded (1) the Rights Act does not contain clear and unequivocal language waiving the State's sovereign immunity; (2) the State's sovereign immunity is not waived simply because the Rights Act includes the State in its definition of "employer"; and (3) the State was not estopped from asserting its sovereign immunity despite the letters it sent informing plaintiffs they could "commence a civil action in the appropriate state circuit court."

¶ 2    We affirm.

¶ 3                          I. BACKGROUND
¶ 4                             A. Lynch
¶ 5    On June 16, 2009, Lynch filed his first charge of employment discrimination against IDOT (charge No. 2009SF3993) with the Illinois Department of Human Rights (Department)

-2-

claiming he was denied anger-management classes after an incident with two coworkers and was suspended in retaliation for previously opposing racial discrimination against coworker Elmer Taborn. On July 2, 2010, the Department notified Lynch by letter it had been unable to complete its investigation of his charge within the 365 days permitted by the Rights Act. The letter further stated if Lynch "wish[ed] to pursue [his] complaint, [*he*] *must either* file a complaint with the Human Rights Commission OR commence a civil action in the appropriate state circuit court within the 90-day window" beginning June 17, 2010, and ending September 14, 2010. (Emphasis in original.)

¶ 6 On February 22, 2010, Lynch filed his second charge of employment discrimination against IDOT (charge No. 2010SF2509) with the Department, claiming IDOT violated the Rights Act by unlawfully retaliating against him. On February 23, 2011, the Department dismissed this charge for lack of substantial evidence. In its notice of dismissal, the Department informed Lynch he could either seek review of the dismissal before the Human Rights Commission (Commission) or "commence a civil action in the appropriate state circuit court" within 90 days.

¶ 7 On September 10, 2010, Lynch filed a complaint based on his initial charge (charge No. 2009SF3993) in the circuit court against IDOT alleging unlawful retaliation in violation of the Rights Act. On May 6, 2011, Lynch amended his complaint to include the allegations against IDOT in his second charge (charge No. 2010SF2509). IDOT filed a motion to dismiss under section 2-619 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-619 (West 2010)) and a supporting memorandum of law asserting the circuit court lacked subject-matter jurisdiction because the doctrine of sovereign immunity prevented Lynch's suit against the State of Illinois where the legislature had not expressly waived sovereign immunity for this type of action.

¶ 8 On November 8, 2011, the circuit court held a hearing and orally granted IDOT's motion to dismiss, finding (1) the Rights Act does not contain clear and unequivocal language waiving the State's sovereign immunity; (2) the State's sovereign immunity is not waived simply because the Rights Act includes the State in its definition of "employer"; and (3) the State is not estopped from asserting its sovereign immunity despite the letter it sent informing plaintiff he could "commence a civil action in the appropriate state circuit court." On November 16, 2011, the court entered an order reflecting its prior oral ruling.

¶ 9 Lynch appeals, docketed No. 4-11-1040.

¶ 10                                    B. Storm

¶ 11 On January 26, 2010, Storm filed a charge of discrimination with the Department (charge No. 2010SA2208) asserting the Illinois State Police denied him a promotion to manager because of his age (50 years old), his sex (male), and his sexual orientation (heterosexual).

¶ 12 On January 28, 2011, the Department notified Storm by letter the time period for investigating his charge had expired and if he "wish[ed] to pursue [his] complaint, [*he*] *must either* file a complaint with the Human Rights Commission OR commence a civil action in the appropriate state circuit court within the 90-day window" beginning January 27, 2011, and ending April 26, 2011. (Emphasis in original.)

¶ 13    On April 25, 2011, Storm filed his complaint in the Sangamon County circuit court alleging the Illinois State Police unlawfully discriminated against him on the basis of age, sex, and sexual orientation. The Illinois State Police filed a motion to dismiss under section 2-619 of the Procedure Code (735 ILCS 5/2-619 (West 2010)) and a supporting memorandum of law asserting the circuit court lacked subject-matter jurisdiction because the doctrine of sovereign immunity prevented Storm's suit against the State of Illinois where the legislature had not expressly waived sovereign immunity for this type of action.

¶ 14    On November 8, 2011, the circuit court held a hearing at the same time as Lynch's hearing and orally granted the Illinois State Police's motion to dismiss for the same reasons expressed in Lynch's case. On November 16, 2011, the court entered an order reflecting its prior oral ruling.

¶ 15    Storm appeals, docketed No. 4-11-1048.

¶ 16                                    II. ANALYSIS

¶ 17    The issue in this consolidated appeal is whether the trial court properly dismissed plaintiffs' Rights Act claims as barred by the doctrine of sovereign immunity. The questions posed are whether the legislature waived the State's sovereign immunity when the Rights Act became effective in 1980, and whether it was required to waive the State's sovereign immunity in the 2008 amendments to the Rights Act.

¶ 18                              A. Standard of Review

¶ 19    Motions to dismiss filed pursuant to section 2-619 of the Procedure Code (735 ILCS 5/2-619 (West 2010)) admit the legal sufficiency of the complaint, but assert an affirmative defense or other matter to defeat the claim. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59, 857 N.E.2d 229, 236 (2006). Section 2-619 motions present a question of law and are subject to *de novo* review. *Id.* On review, this court accepts all well-pleaded facts as true, draws all reasonable inferences in favor of the nonmoving party, and construes all pleadings and supporting documents in the light most favorable to the nonmoving party. *Stark Excavating, Inc. v. Carter Construction Services, Inc.*, 2012 IL App (4th) 110357, ¶ 36, 967 N.E.2d 465.

¶ 20                              B. Sovereign Immunity

¶ 21    " 'The purpose of sovereign immunity is to protect the state from interference with the performance of governmental functions and to preserve and protect state funds.' " *McFatridge v. Madigan*, 2011 IL App (4th) 100936, ¶ 46, 962 N.E.2d 1113 (quoting *People ex rel. Manning v. Nickerson*, 184 Ill. 2d 245, 248, 702 N.E.2d 1278, 1280 (1998)).

¶ 22    "Section 2-619(a)(1) of the Procedure Code (735 ILCS 5/2-619(a)(1) (West 2008)) provides for dismissal of a cause of action due to the trial court's lack of subject-matter jurisdiction." *Sellers v. Rudert*, 395 Ill. App. 3d 1041, 1045, 918 N.E.2d 586, 590 (2009). Section 4 of article XIII of the Illinois Constitution provides, "[e]xcept as the General Assembly may provide by law, sovereign immunity in this State is abolished." Ill. Const. 1970, art. XIII, § 4. However, the legislature reinstated the State's sovereign immunity when

it passed the State Lawsuit Immunity Act (Immunity Act) (745 ILCS 5/0.01 to 1.5 (West 2010)), which provides as follows:

> "Except as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, Section 1.5 of this Act, and, except as provided in *** the Clean Coal FutureGen for Illinois Act, the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1 (West 2010).

¶ 23   In addition to the acts specifically expressed in the Immunity Act, the legislature may, by statute, consent to suit and waive sovereign immunity. See *People ex rel. Madigan v. Excavating & Lowboy Services, Inc.*, 388 Ill. App. 3d 554, 560, 902 N.E.2d 1218, 1225 (2009) (citing *In re Special Education of Walker*, 131 Ill. 2d 300, 303, 546 N.E.2d 520, 522 (1989)). However, the State's consent to be sued must be clear and unequivocal. *Lowboy*, 388 Ill. App. 3d at 563, 902 N.E.2d at 1228; see also *Walker*, 131 Ill. 2d at 304, 546 N.E.2d at 522 (any waiver of sovereign immunity must appear in affirmative statutory language); *In re M.K.*, 284 Ill. App. 3d 449, 454 n.1, 672 N.E.2d 271, 275 n.1 (1996) (same). Only the legislature has the power to waive sovereign immunity–an officer or agency of the State, such as the Department, lacks the authority to do so. See *Brucato v. Edgar*, 128 Ill. App. 3d 260, 266-67, 470 N.E.2d 615, 619-20 (1984) (Secretary of State could not waive sovereign immunity on behalf of the State).

¶ 24                                         C. The Rights Act

¶ 25   Plaintiffs contend the legislature waived sovereign immunity when it initially enacted the Rights Act in 1980, by including the State in its definition of "employer" and, thus, making the State eligible to be sued by its employees for violations of the Rights Act. Plaintiffs assert the legislature did not need to waive sovereign immunity again when it amended the Rights Act in 2008. We disagree.

¶ 26   The Rights Act provides it is a civil rights violation "[f]or any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selections for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status." 775 ILCS 5/2-102(A) (West 2010). "Employer" is defined in relevant part as "[t]he State and any political subdivision, municipal corporation or other governmental unit or agency, without regard to the number of employees." 775 ILCS 5/2-101(B)(1)(c) (West 2010).

¶ 27   Prior to the 2008 amendments to the Rights Act, the Commission was vested with the exclusive jurisdiction to hear civil rights claims under the Rights Act after administrative remedies before the Department were exhausted. See 775 ILCS 5/7A-102(F), (G)(2) (West 2006); *Dilley v. Americana Healthcare Corp.*, 129 Ill. App. 3d 537, 547, 472 N.E.2d 596, 603 (1984). Because both the Department and the Commission are administrative agencies, not courts, the legislature would have had no reason to waive the State's sovereign immunity because sovereign immunity does not apply to administrative agencies. See 745 ILCS 5/1 (West 2010) ("State of Illinois shall not be made a defendant or party in any court"). As this court has stated before, "[a]s a matter of pure logic, it is impossible for Illinois to have consented to defending itself against a claim in its courts if Illinois has withheld, from its

courts, subject-matter jurisdiction over that type of claim." *Brewer v. Board of Trustees of the University of Illinois*, 339 Ill. App. 3d 1074, 1078, 791 N.E.2d 657, 660 (2003), *overruled on other grounds by Blount v. Stroud*, 232 Ill. 2d 302, 904 N.E.2d 1 (2009). Contrary to plaintiffs' contention, in order for state employees to be able to sue their state employers in circuit court under the Rights Act, the 2008 amendment must include a clear and unequivocal waiver of sovereign immunity.

¶ 28    The 2008 Rights Act amendments at issue, enacted by Public Act 95-243, section 5, effective January 1, 2008, provide complainants may either seek review before the Commission or commence a civil action in the circuit court. Pub. Act 95-243, § 5 (eff. Jan. 1, 2008) (amending 775 ILCS 5/7A-102(D)(3), (D)(4), (F)). As the State points out, the first time sovereign immunity could have become an issue for Rights Act claims was on January 1, 2008, the effective date of the amendment, because this is the first time complaints could be filed in the circuit court. We note plaintiffs do not assert the 2008 Rights Act amendments waive the State's sovereign immunity because they are adamant the State's sovereign immunity was effectively waived in 1980. We find it was impossible for the State to consent to being sued in an Illinois court prior to the 2008 amendments.

¶ 29    The First District Appellate Court recently addressed this issue in *Watkins v. Office of the State Appellate Defender*, 2012 IL App (1st) 111756. In *Watkins*, the plaintiffs brought suit against the State under the Rights Act for retaliation, race and disability discrimination. *Watkins*, 2012 IL App (1st) 111756, ¶ 2. On appeal, the plaintiffs argued the circuit court erred in dismissing their complaints because a 2008 Rights Act amendment allowed them to file suit in the circuit court, which they contended amounted to a waiver of the State's sovereign immunity under the Rights Act. *Watkins*, 2012 IL App (1st) 111756, ¶ 17. The plaintiffs asserted the 2008 Rights Act amendment was part of a " 'comprehensive statutory scheme' " allowing all complainants, even State employees, to bring their complaints in the circuit court. *Watkins*, 2012 IL App (1st) 111756, ¶ 22. The *Watkins* court noted the same argument was recently rejected by the federal district court in *Harris v. Illinois*, 753 F. Supp. 2d 734 (N.D. Ill. 2010). The *Harris* court found "nothing in the [Rights Act] evinces an intent to override the Immunity Act. While suits brought under the [Rights Act] may now proceed in circuit court, there is no clear, affirmative declaration in the [Rights Act] or the Immunity Act that the State has waived its sovereign immunity for [Rights Act] claims." *Harris*, 754 F. Supp. 2d at 741. The *Watkins* court agreed with *Harris* and rejected the plaintiffs assertion the 2008 Rights Act amendment waived the State's sovereign immunity. *Watkins*, 2012 IL App (1st) 111756, ¶ 23.

¶ 30    We agree with *Watkins* and *Harris* and conclude the legislature did not clearly, unequivocally, or affirmatively waive the State's sovereign immunity in the 2008 Rights Act amendments. Further, we do not find a waiver of sovereign immunity when reading the Rights Act as a whole. The amended language of section 7A-102(G)(2) states, "[i]f the Department has not issued its report within 365 days after the charge is filed, or any such longer period agreed to in writing by all the parties, the complainant shall have 90 days to either file his or her own complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court." 775 ILCS 5/7A-102(G)(2) (West 2010). Likewise, section 7A-102(D)(3) states, "[i]f the Director determines that there is no substantial

evidence, the charge shall be dismissed *** and the Director shall give the complainant notice of his or her right to seek review of the dismissal order before the Commission or commence a civil action in the appropriate circuit court" within 90 days of the Director's notice. 775 ILCS 5/7A-102(D)(3) (West 2010). Further, while not at issue here, section 7A-102(D)(4) states upon a finding of substantial evidence, "[t]he Director shall *** notify the parties that the complainant has the right to either commence a civil action in the appropriate circuit court or request that the Department of Human Rights file a complaint with the Human Rights Commission on his or her behalf" within 90 days after receipt of the Director's notice. 775 ILCS 5/7A-102(D)(4) (West 2010). The language used by the legislature in these sections of the Rights Act is somewhat ambiguous, as it can be read in more than one way. First, one could read these sections to mean a complainant has the choice to file a complaint with the Commission or commence a civil action in the circuit court. Second, one could read these sections to mean a complainant may either commence a civil action in the circuit court when appropriate (*i.e.*, when sovereign immunity does not apply) or file a complaint with the Commission when an action in circuit court is not the proper forum (*i.e.*, against state employers who have sovereign immunity). The ambiguity in the statute alone lends sufficient support for finding the legislature did not clearly, unequivocally, or affirmatively waive sovereign immunity.

¶ 31 State employees still have a remedy for violations of the Rights Act. They must seek that remedy with the Commission rather than in the circuit courts. We express no opinion on whether a remedy with the Commission is still available in these cases. If the legislature intended to waive the State's sovereign immunity for claims brought under the Rights Act, then legislative action is required to make such waiver clear and unequivocal. The State's sovereign immunity has not been waived, and plaintiffs cannot proceed in circuit court.

¶ 32                                     III. CONCLUSION
¶ 33        We affirm the circuit court's judgment.

¶ 34        Affirmed.