# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

*Grey v. Hasbrouck*, 2015 IL App (1st) 130267

</div>

| | |
|---|---|
| Appellate Court Caption | LAUREN GREY, VICTOR WILLIAMS, and NICHOLAS GUARINO, on Behalf of Themselves and All Persons Similarly Situated, Plaintiffs-Appellees, v. LA MAR HASBROUCK, M.D., Director of the Department of Public Health, in His Official Capacity as State Registrar of Vital Records, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-13-0267 |
| Filed | May 22, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-17091; the Hon. Michael B. Hyman, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Jane Elinor Notz and Brett E. Legner, Assistant Attorneys General, of counsel), for appellant.<br><br>John A. Knight, Harvey Grossman, and Ruth Z. Brown, all of Roger Baldwin Foundation of ACLU, Inc., and David M. Kroeger and Kyle A. Palazzolo, both of Jenner & Block LLP, both of Chicago, and James D. Esseks, of American Civil Liberties Union Foundation, of New York, New York, for appellees. |

JUSTICE HALL delivered the judgment of the court, with opinion. Presiding Justice Hoffman and Justice Lampkin concurred in the judgment and opinion.

## OPINION

The defendant, La Mar Hasbrouck, M.D., State Registrar of Vital Records, appeals an order of the circuit court of Cook County awarding attorney fees and costs to the plaintiffs, Lauren Grey, Victor Williams and Nicholas Guarino, in conjunction with the entry of a consent decree. The sole issue on appeal is whether the award of attorney fees and costs was barred by the doctrine of sovereign immunity. For the reasons set forth below, we conclude that sovereign immunity does not bar the award of attorney fees and costs. We affirm the order of the circuit court.

Section 17(1)(d) of the Vital Records Act (410 ILCS 535/17(1)(d) (West 2010)) provides in pertinent part as follows:

> "(1) For a person born in this State, the State Registrar of Vital Records shall establish a new certificate of birth when he receives any of the following:
>
> * * *
>
> (d) An affidavit by a physician that he has performed an operation on a person, and that by reason of the operation the sex designation on such person's birth record should be changed. The State Registrar of Vital Records may make any investigation or require any further information he deems necessary."

On May 10, 2011, the plaintiffs brought a class action lawsuit on behalf of themselves and a class of persons similarly situated against the defendant in his official capacity as the Director of Public Health and the State Registrar of Vital Records.[1] The plaintiffs and the members of the class are transgender persons who were born in Illinois.

The complaint alleged that, prior to 2005, the defendant routinely changed the gender mark on Illinois birth certificates to accurately reflect the gender identity for persons who had undergone a form of gender confirmation surgery that did not include genital surgery. The plaintiffs further alleged that in or about 2005, the defendant adopted a practice in which he refused to correct the sex designation on an Illinois birth certificate to match the person's gender identification unless the person had undergone genital surgery. The plaintiffs maintained that in denying their applications to change the sex designation on their birth certificates without the genital surgery, the defendant violated the Vital Records Act and their rights to due process and privacy under the Illinois Constitution (Ill. Const. 1970, art. I, §§6, 12). The plaintiffs sought declaratory and injunctive relief, and an award of costs and reasonable attorney fees pursuant to section 5 of the Illinois Civil Rights Act of 2003 (740 ILCS 23/5 (West 2010)) (the Civil Rights Act). On October 23, 2012, the parties entered into a consent decree resolving the substantive issues raised in the complaint.

On December 11, 2012, the circuit court conducted a hearing on the plaintiffs' request for an award of attorney fees as provided for under the Civil Rights Act. The plaintiffs argued

---

[1]The original defendant was Damon T. Arnold, then the State Registrar of Vital Records.

that the legislature intended to waive sovereign immunity under the Civil Rights Act by providing for the award of attorney fees. They further argued that the state officer exception to sovereign immunity applied. The circuit court agreed with the plaintiffs that the state officer exception applied in this case. The court awarded costs and attorney fees in the amount of $135,000 to the plaintiffs as the prevailing party. The defendant appeals.

¶ 6                                ANALYSIS
¶ 7                          I. Standard of Review
¶ 8    "Whether a circuit court has subject matter jurisdiction presents a question of law and is subject to *de novo* review." *Wolinsky v. Kadison*, 2013 IL App (1st) 111186, ¶ 31; see *Hadley v. Department of Corrections*, 362 Ill. App. 3d 680, 683 (2005) (a court lacks jurisdiction over lawsuits barred by sovereign immunity). The court also applies the *de novo* standard of review to the construction of a statute. *Wolinsky*, 2013 IL App (1st) 111186, ¶ 31.

¶ 9                               II. Discussion
¶ 10                  A. The Doctrine of Sovereign Immunity
¶ 11    The 1970 Illinois Constitution abolished the doctrine of sovereign immunity " '[e]xcept as the General Assembly may provide by law.' " *Leetaru v. Board of Trustees of the University of Illinois*, 2015 IL 117485, ¶ 42 (quoting Ill. Const. 1970, art. XIII, § 4). Pursuant to that authority, the General Assembly reinstituted the doctrine when it enacted the State Lawsuit Immunity Act (745 ILCS 5/0.01 *et seq.* (West 2012)). *Leetaru*, 2015 IL 117485, ¶ 42. "The doctrine of sovereign immunity exists in Illinois pursuant to the Immunity Act, which mandates that the State or a department of the State cannot be a defendant in an action brought directly in the circuit court, except where the State has expressly consented to be sued." *Watkins v. Office of the State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 21. The State's consent to be sued must be " 'clear and unequivocal.' " *In re Special Education of Walker*, 131 Ill. 2d 300, 303 (1989) (quoting *Martin v. Giordano*, 115 Ill. App. 3d 367, 369 (1983)).

¶ 12    Sovereign immunity protects the State from interference with the performance of governmental functions and serves to preserve and protect state funds. *Lynch v. Department of Transportation*, 2012 IL App (4th) 111040, ¶ 21. Statutes authorizing costs are in derogation of the common law and therefore must be strictly construed. *Williams v. Davenport*, 306 Ill. App. 3d 465, 469 (1999). "Nothing will be read into such statutes by intendment or implication." *Walker*, 131 Ill. 2d at 304.

¶ 13                    B. Waiver of Sovereign Immunity
¶ 14    The defendant contends that sovereign immunity barred an award of attorney fees and costs pursuant to section 5(c) of the Civil Rights Act. We disagree.

¶ 15    Section 5 of the Civil Rights Act prohibits discrimination and provides in pertinent part as follows:

"(a) No unit of State, county, or local government in Illinois shall:

(1) exclude a person from participation in, deny a person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's race, color, national origin, or gender; or

- 3 -

(2) utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, national origin, or gender.

(b) Any party aggrieved by conduct that violates subsection (a) may bring a civil lawsuit, in a federal district court or State circuit court, against the offending unit of government. Any State claim brought in federal district court shall be a supplemental claim to a federal claim. *** If the court finds that a violation of paragraph (1) or (2) of subsection (a) has occurred, the court may award to the plaintiff actual damages. The court, as it deems appropriate, may grant as relief any permanent or preliminary negative or mandatory injunction, temporary restraining order, or other order.

(c) Upon motion, a court shall award reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, to a plaintiff who is a prevailing party in any action brought:

(1) pursuant to subsection (b); or

(2) to enforce a right arising under the Illinois Constitution." 740 ILCS 23/5 (West 2010).[2]

¶ 16    General enactments imposing liability cannot be applied to the State in the absence of a specific legislative intent to so apply them. *Martin*, 115 Ill. App. 3d at 370. In *Walker*, section 2-1303 of Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, ¶ 2-1303) provided for the payment of the interest at 9% or "6% per annum when the judgment debtor is a unit of local government, *** a school district, a community college district, or any other governmental entity." (Internal quotation marks omitted.) *Walker*, 131 Ill. 2d at 303. The supreme court found the language "any other governmental entity" was not a "sufficiently clear expression by the legislature to constitute a waiver of the State's immunity." *Walker*, 131 Ill. 2d at 304; *City of Springfield v. Allphin*, 82 Ill. 2d 571, 578-79 (1980) (general interest statutes do not impose liability for prejudgment or postjudgment interest against the State); see also *Department of Revenue v. Appellate Court*, 67 Ill. 2d 392, 398 (1977) (the State did not consent to the payment of appeal costs where the statute authorizing the imposition of costs did not reference the State).

¶ 17    In *Williams*, this court addressed whether the State could be held jointly and severally liable for attorney fees and costs of a guardian *ad litem* by the circuit court. The Illinois Department of Public Aid (the Department) argued that under the Court of Claims Act (705 ILCS 505/8(a) (West 1998)), the Court of Claims had exclusive jurisdiction of claims against the State. Therefore, the circuit court's order was void for lack of subject matter jurisdiction. *Williams*, 306 Ill. App. 3d at 467-68. This court agreed, finding that section 506(b) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/506(b) (West 1998)), which provided for the payment of the attorney fees and costs of the guardian *ad litem*, did not contain an explicit waiver of the State's immunity that would amount to its consent to pay the fees for the guardian *ad litem*. *Williams*, 306 Ill. App. 3d at 469. We determined that the language in section 506, " 'any adult party,' " was not specific enough to constitute a waiver of sovereign immunity for the payment of attorney fees. *Williams*, 306 Ill. App. 3d at 469; see *Department of Revenue*, 67 Ill. 2d at 396-98 (holding that, in the absence of a specific

---

[2]Neither the plaintiffs' status as prevailing parties nor the reasonableness of the attorney fees and costs are at issue in this appeal.

- 4 -

reference to the State, terms such as "any person" and "either party" were not specific enough to impose fees and costs against the Department for the printing of transcripts).

¶ 18    The defendant does not dispute that the plaintiffs had the right to sue the defendant pursuant to section 5(a) of the Civil Rights Act but argues that section 5(c) of the Civil Rights Act does not contain a clear unequivocal and affirmative expression of the State's consent to be liable for attorney fees because there is no specific reference to the State in section 5(c). The fact that section 5(c) contains no specific reference to the State is not determinative of whether the State has waived immunity for purposes of the imposition of attorney fees under the Civil Rights Act. When the court addresses whether the State has waived sovereign immunity, "[t]he critical issue is whether the legislature intended to impose liability upon the State–not how or where the intent is expressed." *Martin*, 115 Ill. App. 3d at 370.

¶ 19    In construing a statute, the court's primary goal is to ascertain and give effect to the intent of the legislature. *NAB Bank v. LaSalle Bank, N.A.*, 2013 IL App (1st) 121147, ¶ 10. "[L]egislative intent must be garnered from a review of the entire statutory plan." *Cullen v. Retirement Board of the Policeman's Annuity & Benefit Fund*, 271 Ill. App. 3d 1105, 1109 (1995). "The statutory provision must be read as a whole and all relevant parts should be considered." *Lohr v. Havens*, 377 Ill. App. 3d 233, 236 (2007). A court should not read language into a statute that does not exist. *Lohr*, 377 Ill. App. 3d at 236.

¶ 20    The legislature subjected the State to the provisions of the Civil Rights Act. Section 5(a) specifically refers to the "State" as an entity of government that can be sued under section 5(b). Section 5(c) provides that the court may award attorney fees and costs to a party who prevails in any action brought pursuant to section 5(b), or to enforce a right arising under the Illinois Constitution. After allowing the State to be sued under the Civil Rights Act, the legislature, had it wished to exempt the State from the obligation of paying attorney fees and costs as provided therein, could have done so. As our supreme court observed recently in *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, "where the legislature wishes to excuse the State or other entities from filing and other fees imposed by the circuit court in connection with litigation, it knows how and has done so expressly." *Illinois State Treasurer*, 2015 IL 117418, ¶ 35 (citing 705 ILCS 105/27.2a (dd), 27.1a(dd), 27.2(dd) (West 2012)).

¶ 21    To accept the defendant's argument would require this court to read into the statute an exemption for the State that the legislature could have but did not provide in section 5(c). Construing section 5 of the Civil Rights Act as a whole, the State consented to be sued and, therefore, consented to pay attorney fees and costs to the prevailing party. Sovereign immunity does not bar an award of attorney fees and costs pursuant to section 5(c) of the Civil Rights Act against the State.

¶ 22                    C. Officer Suit Exception to Sovereign Immunity

¶ 23    Assuming, *arguendo*, that the doctrine of sovereign immunity barred the award of attorney fees and costs against the State, we agree with the circuit court that the award of attorney fees and costs to the plaintiffs was proper since the officer suit exception to sovereign immunity applied in this case.

¶ 24    "[T]he determination of whether a suit is against the State is dependent on the issues involved and the relief sought rather than by the formal identification of the parties." *Herget*

*National Bank of Pekin v. Kenney*, 105 Ill. 2d 405, 408 (1985). " 'When the State will be directly and adversely affected by the judgment or decree, making the State the real party against whom relief is sought, the suit is against the State.' " *Herget*, 105 Ill. 2d at 408-09 (quoting *Hudgens v. Dean*, 75 Ill. 2d 353, 357 (1979)). There is a recognized presumption that the State or a department thereof cannot violate the constitution or the laws of the State. *Herget*, 105 Ill. 2d at 411. Where such a violation takes place, the violation is "deemed to be made 'by a State officer or the head of a department of the State, and such officer or head may be restrained by proper action instituted by a citizen.' " *Herget*, 105 Ill. 2d at 411 (quoting *Schwing v. Miles*, 367 Ill. 436, 441-42 (1937).

¶ 25    Under the "officer suit exception," "when the action of a state officer is undertaken without legal authority, such action 'strips a State officer of his official status *** [and] his conduct is not then regarded as the conduct of the State, nor is the action against him considered an action against the State.' " *PHL, Inc. v. Pullman Bank & Trust Co.*, 216 Ill. 2d 250, 261 (2005) (quoting *Moline Tool Co. v. Department of Revenue*, 410 Ill. 35, 37 (1951)). Where the plaintiff is not attempting to enforce a present claim against the State but rather seeks to enjoin the defendant from taking actions in excess of his delegated authority, and in violation of the plaintiff's protectable legal interests, the suit does not contravene the immunity prohibition. *Bio-Medical Laboratories, Inc. v. Trainor*, 68 Ill. 2d 540, 548 (1977).

¶ 26    In the present case, the plaintiffs did not seek money damages, only injunctive and declaratory relief aimed at enjoining the defendant from his practice of refusing to issue new birth certificates to the plaintiffs and the members of the class as he was required to do under section 17(1)(d) of the Vital Statistics Act. The consent decree provided:

> "Defendant is enjoined from denying applications for a change in the sex designation on persons' existing Illinois birth records solely because those individuals have not undergone genital reconstruction surgery to match their internal sense of gender. This consent decree is not intended to change, alter or limit any other statutory requirement of the Illinois Vital Records Act [citation].

> * * *

> Defendant shall, within thirty (30) days, post on the Illinois Department of Public Health website a clarification that genital reconstruction surgery is no longer a requirement for obtaining a change in the sex designation on an existing Illinois birth certificate."

¶ 27    In this case, the defendant imposed a condition on the issuance of birth certificates not previously required under section 17(1)(d) and absent a change to section 17(1)(d). Therefore, the defendant exceeded his authority under the Vital Records Act and violated the plaintiffs' and the class members' rights under the Vital Records Act and their rights to privacy and due process under the Illinois Constitution. The injunctive and declaratory relief that was granted did not directly or adversely affect the State. The fact that the plaintiffs sought attorney fees and costs did not transform the plaintiffs' lawsuit into one against the State. "[T]he mere fact that a successful action would cause money to be paid from the state treasury does not mean that the action is one against the State." *Wilson v. Quinn*, 2013 IL App (5th) 120337, ¶ 15 (the plaintiffs' suit seeking declaratory relief, costs and other equitable relief was not an attempt to impose liability in tort or contract on the State); in accord *Illinois County Treasurers' Ass'n v. Hamer*, 2014 IL App (4th) 130286.

¶ 28    *State Building Venture v. O'Donnell*, 239 Ill. 2d 151 (2010), is distinguishable. In that case, count III of State Building Venture's (SBV) complaint sought a declaratory judgment, finding that a lease, including renewal options, was binding, and to award costs, expenses and fees. *State Building Venture*, 239 Ill. 2d at 156. The supreme court found that "[i]n effect, count III of SBV's complaint seeks a determination of its renewal rights, a claim founded on a contract entered into between SBV and the state. Additionally, count III of SBV's 'declaratory judgment action' asks for a finding that 'the Enabling Statute authorized the State to enter into the Lease with [SBV].' This claim falls squarely within the exclusive jurisdiction of the Court of Claims." *State Building Venture*, 239 Ill. 2d at 164-65. In contrast, like the plaintiffs in *Illinois County Treasurers' Ass'n* and *Wilson*, in the present case, the plaintiffs' lawsuit was not an attempt to impose liability in contract or tort on the State. Therefore, the award of attorney fees and costs to the plaintiffs was proper under the state officer exception to sovereign immunity.

¶ 29                                        CONCLUSION

¶ 30    We conclude that in section 5 of the Civil Rights Act, the State waived sovereign immunity when it consented to be sued, and in the absence of any language that limited its consent or exempted it from the provisions of section 5(c), the State's consent extended to paying the plaintiffs, as prevailing parties, reasonable attorney fees and costs. We further conclude that the circuit court's award of attorney fees and costs to the plaintiffs was proper under the state officer exception to the doctrine of sovereign immunity.

¶ 31    The judgment of the circuit court is affirmed.

¶ 32    Affirmed.