2022 IL App (1st) 211091

SECOND DIVISION
June 30, 2022

No. 1-21-1091

| | | |
|---|---|---|
| BISHOY ABO-SAIF, | ) | Appeal from the Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 20 CH 05850 |
| THE BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, | ) | |
| | ) | Honorable Caroline K. Moreland, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court, with opinion.
Justices Lavin and Cobbs concurred in the judgment and opinion.

OPINION

¶ 1     Plaintiff was a student in the juris doctor program at the John Marshall Law School but was dismissed for academic reasons. Plaintiff sued and reached a settlement with the law school that offered the possibility of his readmission to the program if plaintiff performed well in a class offered in the summer of 2018. After taking the class, plaintiff was told his performance was not satisfactory, and he was not readmitted to the school. In December 2018, the John Marshall Law School was purchased by the University of Illinois. In 2020, plaintiff filed this action against defendant for money damages for breach of the settlement agreement and a declaratory judgment that he should be given another opportunity to qualify for readmission to the juris doctor program. Defendant filed a motion to dismiss arguing that it is entitled to sovereign immunity

and that the jurisdiction to hear and determine plaintiff's claims resides in the court of claims, not the circuit court. The trial court granted the motion. The question presented in this appeal is whether a private entity that later becomes owned by the state is entitled to sovereign immunity for an alleged breach of a contract entered into while it was a privately owned entity. For the following reasons, we affirm the dismissal by the trial court.

¶ 2                                      BACKGROUND

¶ 3     Plaintiff Bishoy Abo-Saif was diagnosed with cerebral palsy. Despite the diagnosis, plaintiff endeavored to become a lawyer and was admitted to the John Marshall Law School (JMLS). After one semester, however, plaintiff's grade point average was below the minimum necessary to continue at the school. JMLS dismissed plaintiff from its juris doctor program.

¶ 4     Plaintiff sued JMLS in the United States District Court alleging that it discriminated against him based on his disability. *Abo-Saif v. The John Marshall Law School*, No. 1:16-cv-2727 (2016). JMLS denied the allegations in the federal lawsuit, but it ultimately entered into a settlement agreement with plaintiff. Under the settlement agreement, JMLS agreed to admit plaintiff to its 2018 Summer College to Assess Legal Education Skills Program (SCALES) at no cost. JMLS agreed that if plaintiff successfully completed the SCALES program that summer, it would readmit him to the juris doctor program the following school year. Plaintiff took the SCALES course, but his grade was unsatisfactory for a successful completion of the program.

¶ 5     In December 2018, following plaintiff's dismissal from JMLS and his unsuccessful attempt to complete the SCALES program, the University of Illinois purchased JMLS. JMLS had been a private institution, but after the transaction with the University of Illinois, it became part of the public university. Under the Asset Transfer Agreement, the University of Illinois began to operate the law school. The University of Illinois agreed to assume JMLS's liabilities.

As of the date that the Asset Transfer Agreement took effect, December 13, 2018, JMLS ceased to exist, and the school began operations as UIC-JMLS.

¶ 6     After the University of Illinois's acquisition of JMLS, in both January and May 2020, plaintiff asked UIC-JMLS to allow him to re-take the SCALES program. His request was denied. Plaintiff subsequently brought this action against UIC-JMLS, through the Board of Trustees of the University of Illinois (the Board), seeking damages for breach of the settlement agreement and a declaratory judgment.

¶ 7     Defendant, the Board of Trustees of the University of Illinois, moved to dismiss the complaint on the grounds that plaintiff's suit is barred by the doctrine of sovereign immunity, the State Lawsuit Immunity Act (745 ILCS 5/1 (West 2020)), and the Court of Claims Act (705 ILCS 505/1 *et seq*. (West 2020)). In a written order, the trial court dismissed plaintiff's lawsuit with prejudice. He now appeals the dismissal of his complaint.

¶ 8                                  ANALYSIS

¶ 9     The circuit court dismissed plaintiff's complaint when ruling on a motion brought under section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)). A section 2-619 motion to dismiss admits the legal sufficiency of the complaint. 735 ILCS 5/2-619 (West 2020). The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of the litigation. *Jones v. Brown-Marino*, 2017 IL App (1st) 152852, ¶ 20. Although a section 2-619 motion to dismiss admits the legal sufficiency of a complaint, it raises defects, defenses, or some other affirmative matter appearing on the face of the complaint or established by external submissions that defeat the plaintiff's claim. *Ciolino v. Simon*, 2020 IL App (1st) 190181, ¶ 37. We review the trial court's decision to grant a motion to dismiss *de novo. In re Marriage of Wojcik*, 2018 IL App (1st) 170625, ¶ 17.

¶ 10    There are three statutes at play that require attention for resolving this appeal: the State Lawsuit Immunity Act, the Court of Claims Act, and the University of Illinois Act. The State Lawsuit Immunity Act provides that the State shall not be made a defendant or party in any court except as provided in the Court of Claims Act. 745 ILCS 5/1 (West 2020). The Court of Claims Act vests the court of claims with exclusive jurisdiction over "[a]ll claims against the State founded upon any contract entered into with the State of Illinois." 705 ILCS 505/8(b) (West 2020). The University of Illinois Act states that the Board shall have the power "to contract and be contracted with, to sue and be sued, provided that any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims." 110 ILCS 305/1 (West 2020).

¶ 11    On appeal, plaintiff argues the immunity statutes are inapplicable to this case because in his federal lawsuit he entered into the settlement agreement with JMLS, a private entity, and his claims are now against the State only because the University of Illinois purchased JMLS and assumed its liabilities after the agreement was made between plaintiff and JMLS. Thus, plaintiff argues that his claims fall outside the scope of the Court of Claims Act because his claims do not constitute "claims against the State founded upon any contract *entered into with the State of Illinois*." 705 ILCS 505/8(b) (West 2020) (emphasis added).

¶ 12    Alternatively, plaintiff argues that the University of Illinois Act (110 ILCS 305/0.01 *et seq*. (West 2020)) allows him to proceed in the circuit court. The University of Illinois Act is enabling legislation that created the Board. 110 ILCS 305/1 (West 2020). The Act states that the Board shall have the power "to contract and be contracted with, to sue and be sued, provided that any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims." *Id*. We have explained that the "sue and be sued" provision of the Act "constitutes an exception to the doctrine of sovereign immunity in nontort actions that are not covered in the

Court of Claims Act." *City of Chicago v. Board of Trustees of the University of Illinois*, 293 Ill. App. 3d 897, 903 (1997). Plaintiff argues that the University of Illinois Act does not prohibit his suit from proceeding in the circuit court because he has asserted claims for breach of contract and a declaratory judgment—nontort claims.

¶ 13     We first address plaintiff's argument that the Court of Claims Act and the State Lawsuit Immunity Act do not apply to his claims since plaintiff contracted with JMLS, a private entity, rather than with the State. The Court of Claims Act gives the court of claims exclusive jurisdiction over claims against the State that are "founded upon any contract entered into with the State of Illinois." 705 ILCS 505/8(b). Plaintiff contends that he is not suing defendant for breach of a contract that he entered into with the Board or the University of Illinois. Instead, he contends that he is suing for breach of the settlement agreement he entered into with JMLS. Plaintiff further contends that because defendant expressly assumed the liabilities of JMLS, it assumed the contractual obligation in this case, and it stands in the same position that JMLS would stand irrespective of the acquisition.

¶ 14     Plaintiff maintains that JMLS had no sovereign immunity when it entered into the agreement, so when defendant assumed the obligation, it assumed the obligation absent any sovereign immunity. He claims that defendant expressly consented to be sued under the settlement agreement when it accepted an assignment of JMLS's liabilities. Thus, plaintiff argues that his claims fall outside the scope of the Court of Claims Act because they do not constitute "claims against the State founded upon any contract *entered into with the State of Illinois*." 705 ILCS 505/8(b) (West 2020) (emphasis added). In furtherance of this argument, plaintiff points out that defendant stands in the shoes of JMLS as its assignee, and that defendant can assert no

greater rights than JMLS could assert under the settlement agreement (citing *Owens v. McDermott, Will & Emery*, 316 Ill. App. 3d 340, 350-51 (2000)).

¶ 15     Regardless of the fact that plaintiff entered into the agreement with JMLS before it was acquired by the university, plaintiff is still asserting claims against the State that provoke its sovereign immunity. The State Lawsuit Immunity Act provides broad immunity for the State and entitles the State to "not be made a defendant or party in any court except as provided in the Court of Claims Act." 745 ILCS 5/1 (West 2020). Sovereign immunity exists where (1) the defendant is an arm of the State; (2) the plaintiff's action could subject the State to liability; and (3) no exceptions to the doctrine exist. *Williams v. Davet*, 345 Ill. App. 3d 595, 599 (2003). "If a judgment for plaintiff could operate to control the actions of the State or subject it to liability, the action is effectively against the State and is barred by sovereign immunity." *President Lincoln Hotel Venture v. Bank One, Springfield*, 271 Ill. App. 3d 1048, 1054-55 (1994). All three of the criteria for defendant's invocation of its sovereign immunity are met in this case. Defendant is an arm of the State, plaintiff seeks to hold defendant liable for money damages, and defendant has not cited any exceptions that are applicable.

¶ 16     Defendant's right to sovereign immunity is granted by statute and exists independently of the settlement at issue in this case. Defendant cannot implicitly waive its sovereign immunity solely by assuming an obligation that did not originally obligate the State because the State must expressly consent to a waiver of sovereign immunity. "The doctrine of sovereign immunity exists in Illinois pursuant to the Immunity Act, which mandates that the State or a department of the State cannot be a defendant in an action brought directly in the circuit court, except where the State has expressly consented to be sued." *Watkins v. Office of the State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 21. The State's consent to be sued must be "clear and

unequivocal." *In re Special Education of Walker*, 131 Ill. 2d 300, 303 (1989) (quoting *Martin v. Giordano,* 115 Ill. App. 3d 367, 369 (1983)); *Grey v. Hasbrouck*, 2015 IL App (1st) 130267, ¶ 11. Only the legislature can waive sovereign immunity. *Lynch v. Department of Transportation*, 2012 IL App (4th) 111040, ¶ 23. Defendant's assumption of liabilities during its acquisition of JMLS is insufficient to overcome the State's statutorily granted immunity. *Joseph Construction Co.*, 2012 IL App (3d) 110379, ¶ 23 (parties to a contract cannot control statutorily conferred jurisdiction).

¶ 17    Defendant has statutorily conferred sovereign immunity that may be overcome only by an explicit waiver by the legislature, a waiver which does not exist here. Therefore, we reject plaintiff's argument and affirm the trial court's finding that the doctrine of sovereign immunity applies to this case.

¶ 18    Plaintiff next argues that the University of Illinois Act (110 ILCS 305/0.01 *et seq*. (West 2020)) allows him to proceed in the circuit court. The University of Illinois Act is enabling legislation that created the Board. 110 ILCS 305/1 (West 2020). The Act states that the Board shall have the power "to contract and be contracted with, to sue and be sued, provided that any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims." *Id*. We have explained that the "sue and be sued" provision of the Act "constitutes an exception to the doctrine of sovereign immunity in nontort actions that are not covered in the Court of Claims Act." *City of Chicago*, 293 Ill. App. 3d at 903. Plaintiff argues that the University of Illinois Act does not prohibit his suit from proceeding in the circuit court because he has asserted claims for breach of contract and a declaratory judgment—nontort claims.

¶ 19    The University of Illinois is treated as the State for purposes of sovereign immunity and the Court of Claims Act. See *Ellis v. Board of Governors of State Colleges & Universities*, 102

Ill. 2d 387, 393-94 (1984); *Raymond v. Goetz*, 262 Ill. App. 3d 597, 603-05 (1994). The State Lawsuit Immunity Act provides that the State "shall not be made a defendant or party in any court except as provided in the Court of Claims Act." 745 ILCS 5/1 (West 2020). For claims against the State, sovereign immunity exists where (1) the defendant is an arm of the State; (2) the plaintiff's action could subject the State to liability; and (3) no exceptions to the doctrine exist. *Williams*, 345 Ill. App. 3d at 599.

¶ 20    Plaintiff focuses on two concepts as a basis for his argument that the University of Illinois Act allows his claims to proceed in the circuit court. Plaintiff points out that the Act states that the Board shall have the power "to sue and be sued, provided that any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims." Plaintiff argues by implication that because his claims are for breach of contract and a declaratory judgment, they are not claims against the Board sounding in tort and therefore need not be filed in the court of claims. Plaintiff next points to our statement analyzing the Act in which we explained that the Act "constitutes an exception to the doctrine of sovereign immunity in nontort actions that are not covered in the Court of Claims Act." *City of Chicago*, 293 Ill. App. 3d at 903. He contends that his action is not covered by the Court of Claims Act and, therefore, he falls within the "exception" we discussed in *City of Chicago*.

¶ 21    The argument plaintiff puts forth regarding the University of Illinois Act has been considered and consistently rejected by this court and our supreme court. Our supreme court has explained that whether an action is within the exclusive jurisdiction of the court of claims depends on the issues involved in the case and the type of relief sought. *Ellis*, 102 Ill. 2d at 394. In a case similar to this case, our supreme court held that where a plaintiff sues the University of Illinois seeking money damages and therefore seeks to impose potential liability against the

State, sovereign immunity applies, notwithstanding the provisions of the University of Illinois Act. In *Ellis*, the plaintiff filed a breach of contract claim for breach of an employment agreement in which she sought money damages and injunctive relief. *Id*. at 389. The *Ellis* court recognized that the State's immunity would not apply if the plaintiff solely sought injunctive relief. *Id*. at 395. However, because the plaintiff was seeking money damages for the breach of contract claim, the court found that the case could not be brought in the circuit court and the court of claims had exclusive jurisdiction. *Id*. at 395-96. It made no difference that the plaintiff tacked on a claim for injunctive relief. *Id*. at 395; see also *Joseph*, 2012 IL App (3d) 110379, ¶¶ 46-50.

¶ 22    Like the *Ellis* case, plaintiff's intention in this case is to seek equitable relief in addition to subjecting the State to liability for money damages. Sovereign immunity protects the State from interference with the performance of governmental functions and serves to preserve and protect state funds. *Grey*, 2015 IL App (1st) 130267, ¶ 12. "Sovereign immunity will apply whenever a judgment for the plaintiff could operate either to control the actions of the State or subject it to liability." *Id*. at 351. As in *Ellis*, "the plaintiff's suit in the instant case is clearly based upon a present claim which has the potential to subject the State to liability and thus must be brought in the Court of Claims." *Id*. at 395.

¶ 23    Plaintiff's reliance on *City of Chicago v. Board of Trustees of the University of Illinois*, 293 Ill. App. 3d 897 (1997) is misplaced. Plaintiff quotes the statement in which we referred to the University of Illinois Act as "an exception" to sovereign immunity. *Id*. at 903. However, the sole issue in that case was the pursuit of a declaratory judgment. *Id*. Here, plaintiff asserts a claim for breach of contract and a claim for money damages. See *Joseph Construction Co.*, 2012 IL App (3d) 110379, ¶¶ 48-50. As the supreme court discussed in *Ellis*, cases in which the

plaintiff solely seeks injunctive relief are different from cases such as this one where the plaintiff interposes a claim seeking to hold the State liable for damages. See *Ellis*, 102 Ill. 2d at 395. In dicta, the *City of Chicago* court seemed to suggest that even if the suit was something other than a declaratory judgment action, the University of Illinois Act could be invoked to overcome the State's assertion of sovereign immunity. *Id*. We reject that assertion as it stands opposed to controlling supreme court precedent and to an otherwise-consistent body of sound appellate court case law addressing the question. Plaintiff's contract action seeking damages against the Board, an arm of the State, must be brought in the court of claims. Defendant is immune from facing this suit in the circuit court and the trial court properly dismissed the case.

¶ 24                                         CONCLUSION

¶ 25     Accordingly, we affirm.

¶ 26     Affirmed.